502 So.2d 1310 (1987)
John and Janet VALSECCHI, Individually and As Personal Representatives of the Estate of Robert J. Valsecchi and Ann and Richard Scileppi, Individually and As Personal Representatives of the Estate of Richard W. Scileppi, Appellants/Cross-Appellees,
v.
PROPRIETORS INSURANCE CO., Deland Aviation, Inc., a Florida Corporation, O.R. Hunt, Dean V. West, Appellees/Cross-Appellants, and
Caetano da S. Vital, Administrator of the Estate of Lawrence J. Vital, Appellee.
No. 85-1079.
District Court of Appeal of Florida, Third District.
February 24, 1987.
Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel D. Eaton, for appellants/cross-appellees.
Daniels & Hicks and Mark Hicks and Elizabeth K. Clarke; Edward R. Curtis (Ft. Lauderdale), for appellees/cross-appellants Proprietors Ins. Co., Deland Aviation, Inc., O.R. Hunt, Dean V. West.
Rossman, Baumberger & Peltz and Robert D. Peltz, for appellee Caetano da S. Vital.
Before BARKDULL,[*] NESBITT and FERGUSON, JJ.
*1311 PER CURIAM.
This wrongful death case is before us for a second time. The extensive facts may be found in the first case reported as Proprietors Ins. Co. v. Valsecchi, 435 So.2d 290 (Fla. 3d DCA 1983), review denied, 449 So.2d 265 (Fla. 1984).
The threshhold question is whether the issue now raised was decided in the former appeal. In answering the question we look to the first paragraph of the earlier opinion:
The primary issue questions the choice of law to be applied to the determination of liability and damages under conflict-of-law tests. This court must decide whether the trial court should have applied Florida or North Carolina law in determining liability and awarding damages. We have carefully analyzed conflict-of-law rules pertaining to the selection of applicable law and conclude that the trial court erred in applying the law of North Carolina, the site of the crash, rather than the law of Florida, the state with the most significant relationships. Accordingly, we reverse.
Valsecchi, 435 So.2d at 290.
Appellants contend that we decided only which law should apply as between Florida, where the decedents resided, and North Carolina, where the airplane crashed  that this time they wish to have the trial court determine which law should apply as between Florida and New York and Massachusetts, where the decedents' survivors reside. The trial court ruled that its previous determination that Florida law applies forecloses the question. We must agree with appellees that the previous determination is the law of this case.
The law of the case is a principle adhered to by courts to avoid reconsideration of points of law which were, or should have been, adjudicated in a former appeal of the same case; its purpose is to lend stability to judicial decisions, to avoid piecemeal appeals, and to bring litigation to an end as expeditiously as possible. Strazzulla v. Hendrick, 177 So.2d 1 (Fla. 1965). It is not necessary that the legal point raised in the latter appeal be presented precisely as it was in the former appeal; the law of the case principle is also applied where the issue could have been but was not raised, Airvac, Inc. v. Ranger Ins. Co., 330 So.2d 467 (Fla. 1976), or where the question was decided by implication. Alford v. Summerlin, 423 So.2d 482 (Fla. 1st DCA 1982).
The dissenter in the first appeal noted that appellants chose not to make the argument they wish to make this time:
Because the appellants argue only that Florida, instead of North Carolina, law should apply, we are not informed  and need not concern ourselves  of the contents of the laws of New York or Massachusetts.
Valsecchi, 435 So.2d at 301 n. 9. On review of the record and the opinion in the first appeal, it is abundantly clear that appellants had the opportunity to raise the issue now presented but did not, thereby waiving the right to object to the trial court's rejection of it in a subsequent hearing.[1]
Further, we decided earlier, in accordance with the issues as framed, that Florida law applied, because Florida  applying the test adopted in Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla. 1980)  was the State with the most significant relationship to the occurrence. Valsecchi, 435 So.2d at 297. Although the issue is framed differently in this appeal, the parties and the facts on which the decision was predicated remain the same. By implication, at least, we did exclude any other *1312 state as having a more significant relationship to the fatal crash.
Affirmed.
NOTES
[*] Participated in decision but not in argument.
[1] Appellants' decision not to argue, in the first appeal, that New York and Massachusetts had a more significant relationship to the accident is explained:

The damages recoverable under New York's Wrongful Death Act are not nearly as liberal as the damages recoverable under North Carolina law. Neither, however, is the measure of damages under New York law as parsimonious as under Florida law. If New York law is applied on the issue of damages in this case, the plaintiffs will be entitled to recover all of their "pecuniary losses"  which, although they do not include pain and suffering, include more than merely funeral expenses. Brief of Appellants at 4 n. 3.