541 So.2d 1334 (1989)
PIETER BAKKER MANAGEMENT, INC., Pieter Bakker, Shirley L. Bakker, Pieter Bakker Marketing, Inc., Appellants,
v.
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION.
PIETER BAKKER MANAGEMENT, INC., Pieter Bakker, Shirley L. Bakker, Pieter Bakker Marketing, Inc., Appellants,
v.
GOLDOME SAVINGS BANK, Appellee.
Nos. 88-1030 to 88-1033.
District Court of Appeal of Florida, Third District.
April 18, 1989.
Bailey, Dawes & Hunt and Sara Soto and William A. Fragetta, Miami, for appellants.
*1335 Mesirov, Gelman, Jaffe, Cramer & Jamieson and Kenneth S. Siegel, Tampa, for appellee First Federal Sav. and Loan Ass'n.
Britton & Kantner and John L. Britton, Ft. Lauderdale, for appellee Goldome Sav. Bank.
Before HUBBART, FERGUSON and LEVY, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
The Bakkers appeal a partial summary judgment entered in favor of First Federal on all but one count of the Bakkers' counterclaim against First Federal. Also appealed is an order granting Goldome's motion for judgment on the pleadings and summary judgment on the Bakkers' third-party complaint against Goldome.
The Bakkers, owners of a resort in Marathon, Florida, obtained financing from First Federal to develop the property as a time-share project. Goldome contributed ten percent of the loan proceeds under a participation agreement with First Federal.
In 1986, First Federal filed a foreclosure complaint against the Bakkers. The Bakkers filed a counterclaim alleging, inter alia, breach of contract, negligence, fraud, duress, usury, and defamation. Goldome, which had no contract with the Bakkers, was brought into the suit by a third-party complaint based on claims for negligence and RICO violations.
First Federal moved for partial summary judgment on the counterclaim, alleging that the Bakkers' claims against them were barred by a release contained in a June 1984 Settlement Agreement between First Federal and the Bakkers. Claiming fraudulent inducement, the Bakkers sought to invalidate the Settlement Agreement.
At the hearing on First Federal's motion the trial court ruled that, as a matter of law, the Bakkers failed to establish a prima facie case for fraud in light of undisputed facts that a hostile and antagonistic relationship existed between the parties  about the subject matter  which predated the June 1984 Settlement Agreement,[1] and that, therefore, it was not reasonable for the Bakkers to rely on the bank's representations. Concluding that the June 1984 Agreement constituted a valid compromise and settlement of existing disputes, the court dismissed all claims against First Federal except the count for breach of the 1984 Agreement.
In support of their contention that the trial court erred in denying their claim for fraud, the Bakkers cite Besett v. Basnett, 389 So.2d 995 (Fla. 1980), for the proposition that they were entitled to rely on First Federal's representations. Besett held that the purchasers of real estate had a cause of action for fraud against the sellers even though the purchasers could have ascertained the falsity of the sellers' representations if they had made an investigation. Decisions subsequent to Besett, however, have made it clear that a party entering into a transaction is not entitled to rely blindly on the opposing party's representations where, as here, the relationship between the parties has been plagued with distrust. In Uvanile v. Denoff, 495 So.2d 1177, (Fla. 4th DCA 1986), rev. dismissed, 504 So.2d 766 (Fla. 1987), the court considered the parties' antagonistic relationship, the negotiations, disputes and distrust that preceded the agreement, and the parties' relatively equal knowledge about the proposed transaction, and concluded that the plaintiff was not justified in relying on the defendant's representations. Uvanile, 495 So.2d at 1180. Florida law on this issue was restated with approval in Pettinelli v. Danzig, 722 F.2d 706 (11th Cir.1984), where the court noted:
When negotiating or attempting to compromise an existing controversy over *1336 fraud and dishonesty it is unreasonable to rely on representations made by the allegedly dishonest parties. See Sutton v. Crane, 101 So.2d 823 (Fla. 2d DCA 1958). Thus, the appellants have failed to make a prima facie case of fraud because they had no legal right to rely on any representations under these circumstances.
Id. at 710. See also Zelman v. Cook, 616 F. Supp. 1121 (S.D.Fla. 1985). Furthermore, as in Uvanile, both parties to the June 1984 settlement had abundant knowledge regarding the subject matter of the agreement. This case is, for that reason, distinguishable from Besett which involved a seller with superior knowledge of a product defect.
We agree with the trial court that the Bakkers failed to establish a prima facie case for fraud and that the release effectively barred all claims arising on or before June 21, 1984. Nevertheless, we hold that the trial court erred in dismissing claims which arose, allegedly, after the release was executed. Those counts based on acts arising subsequent to the execution of the release should be reinstated because the Bakkers' never relinquished those claims.
As to the Bakkers' claims against Goldome, we agree that the third-party complaint fails to allege facts establishing a relationship between Goldome and the Bakkers from which the law implies a legal duty, see Robertson v. Deak Perera (Miami), Inc., 396 So.2d 749 (Fla. 3d DCA) (in the absence of duty to plaintiff, actionable negligence does not exist), rev. denied, 407 So.2d 1105 (Fla. 1981), and that the Bakkers failed to state a cause of action for RICO violations. See Becerra v. Equity Imports, Inc., 14 F.L.W. 585 (Fla. 3d DCA Feb. 28, 1989) (conclusory allegations of criminal conduct fail to state a cause of action under civil theft statute); see also, 49 Fla.Jur.2d Summary Judgment § 2 at 347 (1984) (judgment on the pleadings is "appropriate remedy where a pleading is fatally deficient in substance").
Affirmed in part, reversed in part, and remanded for further consistent proceedings.
NOTES
[1] In fact, prior to the 1984 Agreement, the Bakkers had threatened litigation against First Federal on several theories, including fraud.