549 So.2d 1150 (1989)
Stephen M. GREENE and Don Greene Poultry, Inc., Appellants,
v.
KOLPAC BUILDERS, INC., a Foreign Corporation, Venable, Johnson & Associates, a Foreign Corporation, Harry Ecoff, William Venable, and American States Insurance Company, a Foreign Corporation, Appellees.
KOLPAC BUILDERS, INC. Appellant,
v.
ROBERT L. GRANT CONSTRUCTION COMPANY, INC., and the Travelers Indemnity Company, Appellees.
ROBERT L. GRANT CONSTRUCTION CO., INC., and the Travelers Indemnity Company, Appellants,
v.
RINKER MATERIALS CORP., and Florida Concrete, Limited, Inc., Appellees.
Nos. 88-1813, 88-1945 and 88-1956.
District Court of Appeal of Florida, Third District.
October 10, 1989.
Morgan, Lewis & Bockius and Richard A. Pettigrew, Miami, for appellants Stephen M. Greene and Don Greene Poultry, Inc.
Leiby & Elder and Ira Libanoff and Robert Ferencik, Jr., Miami, for appellants/appellee Kolpak Builders, Inc.
Cohen, Berke, Bernstein, Brodie & Kondell and Lillian Valdespino, Miami, for appellants Robert L. Grant Const. Co. and The Travelers Indem. Co.
Dixon, Dixon, Nicklaus, Valle & McIntosh and David Grossman, Miami, for appellees Venable, Johnson & Associates and William Venable.
Highsmith, Strauss & Glatzer and Philip Glatzer, Miami, for appellee Rinker Materials Corp.
Before JORGENSON, COPE and LEVY, JJ.

OPINION ON REHEARING
*1151 PER CURIAM.
On consideration of appellees' motions for rehearing or clarification we withdraw our opinion entered August 8, 1989 and substitute in its stead the following amended opinion.
Appellants Stephen Greene and Don Greene Poultry, Inc. (Greene) appeal from an entry of a final summary judgment in favor of appellees Kolpak Builders, Venable, Johnson & Associates, Harry Ecoff, William Venable and American States Insurance Co. (Kolpak). We reverse.
Because this is an appeal from a summary final judgment, we must view the record in the light most favorable to the nonmoving party, and must draw every permissible inference in favor of the party against whom a summary judgment motion is granted. Williams v. Bevis, 509 So.2d 1304, 1305-06 (Fla. 1st DCA 1987) (citing Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977)). Viewing the facts in that light, the record discloses that Greene, a poultry dealer, hired Kolpak to build a refrigerated warehouse, at a cost of $1,000,000. Greene hired William Venable, who was also a vice-president of Kolpak as well as a partner in his own firm, as the architect. Within a few months after completion of the project, several construction defects became apparent. Among these was erosion of the new concrete floor. Discussions were held in order to arrive at some remedy for the construction defects.
Approximately one year after construction, Greene filed a suit against Kolpak alleging a simple warranty claim. Settlement negotiations were held, during which Kolpak recommended that the surface of the concrete floor be ground down to remove the top layer. During the negotiations, Kolpak's representative, Ecoff, informed Greene that Kolpak was consulting the architect, Venable, on an ongoing basis, and that Venable was in full agreement with the proposed corrective measures. Unbeknownst to Greene at the time, Venable had actually sent a letter to Ecoff during the negotiations specifically stating that grinding the floor surface would not be satisfactory and that the floor would have to be repoured. Unaware of Venable's advice, Greene entered into a settlement agreement with Kolpak which called for grinding the floor surface. The work proceeded for four and one-half days and was stopped by Greene when it proved to be unsatisfactory.
Greene then reopened the litigation and amended its complaint to ask for rescission of the settlement agreement, alleging that the agreement was procured by fraud. The amended complaint also alleged a unilateral mistake of fact. Kolpak in turn filed a third party complaint for indemnity and contribution against Robert L. Grant Construction Co., a subcontractor. Grant filed a fourth party complaint against Rinker Materials Corp., supplier of the concrete, and against Florida Concrete Unlimited. Grant also made claims for indemnity and contribution against all other defendants. Venable counterclaimed against Grant Construction.
Greene contended that it had relied to its detriment on the false representations of Kolpak, which induced it to enter into the settlement agreement. Under Greene's theory, these were, first, Kolpak's own representations as an expert in the construction of refrigerated warehouses that the corrective measures would be effective. Second, Greene argued it was particularly misled by the representation that the architect Venable had approved grinding the floor when in fact he recommended against it.
Kolpak contended that Greene was not entitled to rescind the settlement agreement. Kolpak urged that the architect Venable was Greene's agent, not Kolpak's agent. That being so, knowledge possessed by Venable was imputed to Greene, whether Venable communicated with Greene or not. Kolpak argued that Greene should have performed independent investigations and cannot now claim it was mistaken or misled. Kolpak also urged that Greene vetoed the idea of closing the warehouse, which would have been necessary in order to replace the floor.
On this record we conclude there are disputed issues of material fact which preclude *1152 summary judgment. Assuming arguendo that the architect Venable was Greene's agent, Kolpak was not at liberty to misrepresent that Venable had agreed with the proposed solution, while at the same time holding a letter from Venable which stated the opposite. Absent circumstances which would have put Greene on notice that Kolpak's word could not be believed, Greene could reasonably rely on the representation that Venable had concurred in the recommendation. Moreover, Venable was not only an architect but also was an officer of Kolpak, which creates a factual issue as to the capacity in which he acted.
The Florida Supreme Court has held that the recipient of a misrepresentation "may rely on the truth of a representation, even though its falsity could have been ascertained had he made an investigation, unless he knows the representation to be false or its falsity is obvious to him." Besett v. Basnett, 389 So.2d 995, 998 (Fla. 1980) (adopting Restatement (Second) of Torts §§ 540-42 (1976)); accord Johnson v. Davis, 480 So.2d 625, 628 (Fla. 1985) ("The law appears to be working toward the ultimate conclusion that full disclosure of all material facts must be made whenever elementary fair conduct demands it"); Bates v. Messerli, 483 So.2d 108, 109 (Fla. 2d DCA 1986). Stated another way, Greene was not under a duty to discover an affirmative misrepresentation by Kolpak.[1]
Kolpak also argues that early in the negotiation Greene had vetoed the idea of repouring the floor on the ground that the warehouse could not be vacated to allow a complete floor replacement. Greene contends, correctly, that there are disputed questions of fact with reference to Greene's rejection of the repouring of the floor since the rejection was made without the understanding that there really was no other solution but to repour the floor. We therefore conclude that on this record Kolpak's motion for summary judgment should have been denied.
Reversal of the summary judgment in favor of Kolpak necessitates reversal of the other summary judgments which were predicated on the Kolpak summary judgment. Therefore, Grant Construction's summary judgment against Kolpak and Venable and Rinker Materials' and Florida Concrete's summary judgments against Grant Construction are also reversed. The counterclaim filed by Venable against Grant Construction and Grant Construction's counterclaims and crossclaims against all the other defendants are reinstated. While Venable did not file a cross-appeal on the issue of the summary judgment entered in favor of Grant Construction, the issue was raised in Venable's brief on the main appeal. We will treat the brief as sufficient notice that Venable cross-appeals on this point. Ash v. Coconut Grove Bank, 448 So.2d 605, 606 n. 2 (Fla. 3d DCA 1984); City of Hialeah v. Martinez, 402 So.2d 602, 603 n. 4 (Fla. 3d DCA), review denied, 411 So.2d 380 (Fla. 1981).
Finally, we hold that the trial court erred in denying Greene's motion to amend the third amended complaint to add a count for rescission based on mutual mistake of fact. Greene's motion to amend its complaint was filed the day before Kolpak filed its motion for summary judgment. We are unable to see how prejudice would inure to the defendants, particularly in light of the assertion that this claim was raised promptly after the deposition of Harry Ecoff, and that no new discovery was required to defend the claim because the count is similar in its scope and issues to the unilateral mistake count already included in the third amended complaint. Florida Rule of Civil Procedure 1.190(a) requires *1153 that leave to amend should be freely given where there is no showing that the privilege has been abused, and the more so where leave is sought at or before a hearing on a motion for summary judgment. Montero v. Compugraphic Corp., 531 So.2d 1034 (Fla. 3d DCA 1988).
Reversed.
NOTES
[1] Our recent decision in Pieter Bakker Management, Inc. v. First Federal Savings & Loan Ass'n, 541 So.2d 1334 (Fla. 3d DCA 1989), is not to the contrary. There we held that "a party ... may not rely on the opposing party's representations where, as here, the relationship between the parties has been plagued with distrust." Id. at 1335; accord Besett, 389 So.2d at 997. In the present case the litigation originated in a warranty suit filed to avoid the running of the statute of limitations, which was followed by negotiations leading to the settlement agreement. The present record does not disclose circumstances of the type alluded to in Pieter Bakker Management.