575 So.2d 222 (1991)
Pieter BAKKER, Shirley Bakker, Pieter Bakker Management, Inc., and Pieter Bakker Marketing, Inc., Appellants,
v.
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF HAMMONTON, NEW JERSEY, Pirates Cove Villas, Inc., and Buccaneer Lodge, Inc., Appellees.
No. 90-1212.
District Court of Appeal of Florida, Third District.
January 15, 1991.
Rehearing Denied March 21, 1991.
*223 Bailey & Hunt and Sara Soto and William A. Fragetta, Miami, for appellants.
Rudnick & Wolfe and Kenneth S. Siegel and Phyllis J. Towzey, Tampa, for appellees.
Before NESBITT, FERGUSON and COPE, JJ.
PER CURIAM.
Pieter Bakker, Shirley Bakker, Pieter Bakker Management, Inc. and Pieter Marketing, Inc. (who will be collectively referred to as the Bakkers) have moved to enforce this court's mandate in Pieter Bakker Management, Inc. v. First Federal Savings and Loan Association, 541 So.2d 1334 (Fla. 3d DCA), review denied, 549 So.2d 1014 (Fla. 1989), contending that certain proceedings conducted by the trial court on remand were inconsistent with this court's opinion and mandate. We disagree and deny the motion.
In 1986 appellee First Federal Savings and Loan Association filed a foreclosure complaint against the Bakkers, who counterclaimed for breach of contract and various torts. 541 So.2d at 1335. First Federal moved for partial summary judgment on the counterclaim, arguing that the Bakkers' claims were barred by a release contained in a June, 1984 settlement agreement between First Federal and the Bakkers. Id. The Bakkers claimed fraudulent inducement and sought to invalidate the settlement agreement. Id. The trial court granted the motion and the Bakkers appealed. Id. This court affirmed the summary judgment with respect to all claims arising on or before the date of the release, June 21, 1984. Id. at 1336. This court ruled, however, that "[t]hose counts based on acts arising subsequent to the execution of the release should be reinstated because the Bakkers never relinquished those claims." Id.
After remand, First Federal filed a new motion for partial summary judgment (the 1990 motion) asserting that on the merits, each of the Bakkers' post-release claims was fatally deficient. The trial court agreed and entered a partial summary judgment, leaving only one count  the Bakkers' claim for breach of the 1984 settlement agreement  pending.
The Bakkers filed the instant motion in this court to enforce the mandate from the prior appeal. In so doing, the Bakkers contended that the law of the case doctrine prevented First Federal from presenting any further motions for partial summary *224 judgment after this court's remand. In essence the Bakkers contend that a party is entitled to present only one motion for summary judgment in a case and that successive motions for summary judgment are prohibited. They argue that the trial court's only option on remand was to take all remaining claims to trial, even though the trial court had concluded that First Federal had a complete defense to each of the remaining tort claims.
The Bakkers have misapprehended both the terms and intent of the summary judgment rule. There is no prohibition on the presentation of successive motions for summary judgment. Indeed, the purpose of the partial summary judgment procedure is to narrow the issues in a case so as to limit the matters genuinely in dispute which must be taken to trial. See generally H. Trawick, Trawick's Florida Practice & Procedure § 25-7 (1990); 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 2d § 2737 (1983).
On remand from the prior appeal the trial court was, of course, obliged to conduct further proceedings so as to be consistent with this court's ruling. But, as the Supreme Court has said, "[t]he doctrine of law of the case is limited to rulings on questions of law actually presented and considered on a former appeal." U.S. Concrete Pipe Co. v. Bould, 437 So.2d 1061, 1063 (Fla. 1983) (citation omitted).[*] The question presented on the prior appeal was the scope of the release executed by the parties. Having examined the record herein, we are well satisfied that First Federal's 1990 motion, and the trial court's ruling, were not in conflict with this court's previous opinion and mandate.
The parties have also addressed the merits of the partial summary judgment entered by the trial court. However, the order entered below was a partial summary judgment in favor of the counter-defendant on most, but not all, of the Bakkers' counterclaims. It is evident that the tort claims which were the subject of the 1990 motion for partial summary judgment are closely interwoven with the contract claim which remains pending below. As the partial summary judgment is not within the terms of the interlocutory appeal rule, Fla.R. App.P. 9.130, and is not independently appealable as a partial final judgment within the meaning of Mendez v. West Flagler Family Association, 303 So.2d 1 (Fla. 1974), see, e.g., Northcutt v. Pathway Financial, 555 So.2d 368, 369 (Fla. 3d DCA 1989), review denied, 563 So.2d 633 (Fla. 1990); Miami-Dade Water & Sewer Authority v. Metropolitan Dade County, 469 So.2d 813, 814 (Fla. 3d DCA 1985), review denied, 482 So.2d 349 (Fla. 1986); Neil v. South Florida Auto Painters, Inc., 397 So.2d 1160, 1164 (Fla. 3d DCA 1981), we do not have jurisdiction to reach the merits of the partial summary judgment. Any claim of error with respect to the merits of the 1990 partial summary judgment may be raised on appeal from entry of final judgment in the case. We hold only that the proceedings below were not inconsistent with this court's previous opinion and mandate.
Motion to enforce mandate denied.
NOTES
[*] The Bakkers concede that the issues contained in the 1990 motion for partial summary judgment were not involved in the 1989 appeal. They rely, however, on this court's opinion in Valsecchi v. Proprietors Insurance Co., 502 So.2d 1310 (Fla. 3d DCA 1987), which states in part that "the law of the case principle is also applied where the issue could have been but was not raised ... or where the question was decided by implication." Id. at 1311 (citations omitted). That opinion is of no assistance to the Bakkers. The sole issue involved in the 1989 summary judgment was whether the 1984 release barred the Bakkers' tort claims. The issues presented in the 1990 motion for partial summary judgment were not issues which could have been raised on the prior appeal, nor were they decided by implication. The Bakkers' invoking of Valsecchi is based on the false premise that First Federal was required to present all of its grounds for summary judgment in a single motion and that, having failed to do so, the prior appeal operated to bar presentation of a further motion for partial summary judgment after remand. The Bakkers' premise is incorrect; after remand First Federal was allowed to present further motions for summary judgment or partial summary judgment, so long as the substance of the relief sought was not inconsistent with the substance of this court's prior ruling.