GUNTHER, Judge.
Appellants/counter-defendants seek a reversal of the trial court’s order granting appellee/counter-plaintiff D.R.F., Inc.’s (DRF) motion to compel arbitration of count V of DRF’s amended counterclaim. We reverse the trial court’s order granting DRF’s motion to compel arbitration. We conclude that the doctrine of the law of the case applies and thus, the trial court erred in granting DRF’s motion to compel arbitration of count V of its amended counterclaim.
Earlier in this litigation DRF and the other defendants[1] moved the trial court to compel arbitration of the second amended complaint which the appellants had filed against them. The trial court denied the motion and DRF, as well as the other defendants, appealed. On appeal this court per curiam affirmed without opinion the order denying the motion to compel arbitration. Cenvill Investors, Inc. v. Condominium Owners Organization of Century Village East, Inc., 544 So.2d 210 (Fla. 4th DCA 1989). DRF then answered the complaint and counterclaimed ultimately seek *34 ing to have count V of the amended counterclaim arbitrated. In count V, DRF sought reimbursements allegedly due it for expenditures over and above operational rent as defined by the contract between the parties.
To determine that the doctrine of the law of the case applied thereby binding the trial court to once again deny DRF’s motion to compel arbitration, we had to first determine that count V of the amended counterclaim raised the same issues as those raised in the appellants’ second amended complaint.
The crux of the second amended complaint was that the defendants:
... engaged in numerous acts in contravention of their obligations under the Long Term Leases and modifying agreements referred to herein. Essentially, Defendants have failed to follow and submit to the decisions of the Recreation Committee in its role as the policy-maker on all matters affecting the operation of the recreational facilities ...
The aforementioned acts included failing to seek approval from the Recreation Committee when defendants paid over $100,-000.00 over the budgeted amount for insurance coverage, ignoring explicit decisions of the Recreation Committee regarding the amount budgeted for salaries and paying themselves amounts greater than the amounts authorized by the Recreation Committee, and generally exceeding the maximum budgeted sums approved by the Recreation Committee for 1987 and 1988 without the approval of the Recreation Committee. Thus, with regard to DRF, the central issue in the second amended complaint was whether DRF had the authority to make certain expenditures.
Similarly, in count V of the amended counterclaim the issue was whether DRF could recover for “short falls,” which occurred when the funds from the budget were inadequate to cover expenses, and whether the expenses incurred were legitimate expenses. If the defendants did not have the authority to make the excess expenditures, then the expenses were not legitimate and DRF would not be permitted to recover money for the “shortfalls.” Thus, for DRF to recover under the amended counterclaim, a determination would have to be made that DRF was authorized to make those expenditures. Therefore, the central issue in DRF’s amended counterclaim, like appellants’ second amended complaint, is whether defendants had the authority to make the aforementioned expenditures. In other words, and contrary to DRF’s assertion, the “proper amount of operational rent due”[2] was not in dispute. In fact, DRF is attempting to recover the excess amounts between the actual operational rent collected and actual costs; DRF is not challenging the amount of operational rent due.
Thus, we reject DRF’s contention that count V creates a different issue which is based on a controversy arising as to the proper amount of the operational rent due. To the contrary, we conclude that count V now raises essentially the same issues as those raised in the appellants’ second amended complaint. Because the issues are the same, the doctrine of the law of the case dictates that, based on this court’s earlier affirmance of the trial court’s denial of DRF’s motion to compel arbitration of the appellants’ second amended complaint, the trial court should have again denied DRF’s motion to compel arbitration. See Valsecchi v. Proprietors Ins. Co., 502 So.2d 1310 (Fla. 3d DCA 1986).
In summary, since the trial court was bound by the doctrine of the law of the case, the judge erred in granting DRF’s motion to compel arbitration of count V of the amended counterclaim.
REVERSED AND REMANDED.
LETTS and POLEN, JJ., concur.

. The defendants included Cenvil Investors, Inc., Communication and Cable, Inc., and C.V.R.F. Deerfield Limited.

. The arbitration clause in the contract states, in pertinent part:
In the event of any controversy arising as to the proper amount of the Operational Rent due ... each Individual Lessee ... shall pay the amount demanded by the Lessor until such time as the controversy is resolved by the parties or by binding arbitration ...