636 So.2d 120 (1994)
Ira S. JACOBSON, M.D., Appellant,
v.
HUMANA MEDICAL PLAN, INC., etc., Appellee.
No. 93-2281.
District Court of Appeal of Florida, Third District.
April 19, 1994.
Rehearing Denied May 31, 1994.
Broad and Cassel and Alyson R. Serell, Miami, for appellant.
Waldman, Feluren & Ferrer and Glen Waldman, North Miami Beach, for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.
NESBITT, Judge.
This is an appeal from an order of the trial court denying appellant's motion for entitlement to an award of attorney's fees. We reverse the order under review.
Humana Medical Plan, Inc. (Humana), a health maintenance organization (HMO), brought a contract action against Dr. Ira S. Jacobson. Dr. Jacobson answered the complaint; however, he did not assert a claim for attorney's fees as either party might have, pursuant to the contract in litigation. Shortly after the filing of the answer, the Supreme *121 Court issued Stockman v. Downs, 573 So.2d 835 (Fla. 1991), requiring that a claim for attorney's fees be pled, or such failure would be deemed a waiver, absent the opposing parties' notice and acquiescence.
On the eve of trial, by agreement of the parties, there was a stipulation presented to the trial court so as to permit the physician to amend his answer to assert a claim for fees and to assert a counterclaim; and to permit Humana to amend its complaint. Because the proposed amendment was submitted to the trial judge only days before trial, he denied it. Nonetheless, when the trial judge entered his final judgment it contained an explicit reservation of jurisdiction to award Dr. Jacobson costs and attorney's fees.
Humana appealed. In its initial brief, in addition to appealing the merits of the case, the HMO, citing to Stockman v. Downs, also appealed the reservation to award fees. In our opinion in Humana Medical Plan, Inc. v. Ira S. Jacobson, M.D., 614 So.2d 520 (Fla. 3d DCA 1992), we affirmed the trial court's judgment in all respects including the reservation of jurisdiction to award Dr. Jacobson's fees. Certiorari review was denied. Humana Plan, Inc. v. Ira S. Jacobson, 623 So.2d 494 (Fla. 1993). On the issuance of the mandate, Dr. Jacobson submitted a motion for entitlement to attorney's fees and costs, which the trial court denied citing to Stockman v. Downs. In doing so, we find that the trial judge violated the doctrine of the "law of the case." Simply stated, that doctrine is that those points of law adjudicated in a former appeal are binding in order to promote stability of judicial decisions and to avoid piecemeal litigation. Strazzulla v. Hendrick, 177 So.2d 1 (Fla. 1965); see Bakker v. First Federal Savings & Loan Ass'n of Hammonton, 575 So.2d 222, 224 (Fla. 3d DCA 1991); see also Salta Investment, Inc. v. Silva, 584 So.2d 172 (Fla. 3d DCA 1991); Dhondy v. Schimpeler, 528 So.2d 484 (Fla. 3d DCA 1988).
An appellate court has the power to reconsider and reverse a previous ruling that has become the "law of the case" only when convinced, on subsequent appeal, that a manifest injustice will result from a strict adherence to its prior pronouncement. Reconsideration should never be allowed when it would amount to nothing more than a second appeal on a question determined in the first. Fischbach & Moore, Inc. v. McBro, 619 So.2d 324 (Fla. 3d DCA 1993); see Strazzulla, 177 So.2d at 4; see also Raymond T. Elligett, Jr. & Charles P. Schropp, Law of the Case Revisited, Fla.B.J. Mar. 1994, at 54.
In the present case, when the Supreme Court denied review and our mandate was sent down, the lower court's determination of the attorney's fees issue in favor of Dr. Jacobson became the law of the case. Here, there can be no claim of manifest injustice since the contract which formed the basis of the controversy apprised both parties that the one prevailing in litigation thereunder would become entitled to seek reimbursement for fees.
For the foregoing reasons, the trial court erred in denying Dr. Jacobson's motion for entitlement to fees. Accordingly, the order under review is reversed and remanded for further proceedings.