677 So.2d 3 (1996)
Carmen Sofia BUENO, Appellant,
v.
Francia Isabel Bueno de KHAWLY, et al., Appellees.
Nos. 95-2917, 95-2189 and 95-1554.
District Court of Appeal of Florida, Third District.
June 5, 1996.
Rehearing Denied August 14, 1996.
*4 George Earl Brown, Jeanne Heyward, Miami, for appellant.
Stephen L. Raskin, Steven Greenberg, South Miami, for appellees.
Before BARKDULL, JORGENSON and GODERICH, JJ.
PER CURIAM.
We affirm the judgment on appeal, as we are governed by the doctrine of law of the case. "Simply stated, that doctrine is that those points of law adjudicated in a prior appeal are binding in order to promote stability of judicial decisions and to avoid piecemeal litigation." Jacobson v. Humana Medical Plan, Inc., 636 So.2d 120, 121 (Fla. 3d DCA 1994).
The ultimate issue on appeal in this casewhether the widow was entitled to a share of the real property in Dade County was specifically determined by the trial court in an earlier proceeding; that judgment was affirmed in its entirety by this court's decision in Bueno v. Bueno de Khawly, 643 So.2d 1174 (Fla. 3d DCA 1994).[1]
It matters not that this court's earlier decision addressed the issue of whether the property was homestead property; the unqualified affirmance went to the entirety of the order on appeal. "A per curiam decision of the appellate court is the law of the case between the same parties on the same issues and facts, and determines all issues necessarily involved in the appeal, whether mentioned in the court's opinion or not." Mitzenmacher v. Mitzenmacher, 656 So.2d 178, 179 (Fla. 3d DCA 1995); New England Ins. Co. v. International Bank of Miami, 537 So.2d 1025 (Fla. 3d DCA 1988).
AFFIRMED.
NOTES
[1] In the final judgment of November 1993, which was affirmed by this court, the trial court specifically found that the widow "was estopped from any claims to the subject property and is estopped from sharing it with the two children of the deceased." That final judgment also addressed the very claims relating to the Colombian proceedings that were argued in this appeal.