PER CURIAM.
The Appellant, Robert Buchman (hereinafter “Buchman”), appeals from an Order granting the Appellee, Nancy Canard (hereinafter “Canard”), a one-third interest in Buchman’s homestead residence after the lower tribunal held, and this Court affirmed, that the property is a partnership asset, and is, therefore, not subject to the homestead exemption.
This case arises from a partnership between Buchman and Canard. In 1999, Mr. Buchman sold the partnership assets to a third party. After learning of the sale, Canard filed suit against Buchman, seeking an accounting, damages for breach of the partnership agreement, and dissolution of the partnership. Canard alleged that Buchman used partnership assets to improve and make mortgage payments on his residence, and sought the imposition of a constructive trust.
Incident to an arbitration, the lower court: 1) dissolved the partnership; 2) deemed Buchman a wrongfully dissociated partner due to his breach of the partnership agreement (Buchman represented and warranted himself as an individual seller possessing good and marketable ownership of the business in question, significantly breaching the partnership agreement); 3) declared the real property at 7325 S.W. 102nd Street to be a partnership asset; and 4) ordered Canard to wind-up the partnership, which included the sale of Buchman’s house. This Court affirmed the lower court’s damages award to Canard in an amount equal to her share of the partnership assets wrongfully transferred by Buchman and also awarded prejudgment interest on that amount from the date of the wrongful transfer. Buchman v. Canard, 863 So.2d 487, 488 (Fla. 3d DCA 2004).
After this Court’s decision, post-judgment proceedings to enforce the arbitration award commenced. Over Buchman’s homestead objection, the trial court vested title to Buchman’s residence in the partnership, and awarded Canard a one-third interest in real property. The court held that Canard was entitled to one-third of the business plus one-third of Buchman’s residence. The trial court entered an Order denying Buchman’s homestead claim on the ground that the property was a partnership asset. The court also can-celled and expunged from the Public Records the Quit Claim Deed by which Buch-man transferred title to an estate by the entirety with his wife, after the arbitration award. Buchman appeals.
Buchman claims that (1) the trial court erroneously declared that his “homestead property” is a partnership asset, (2) the trial court erroneously forced sale of his homestead property, (3) the trial court erroneously transferred title to the property without the consent of Mrs. Buchman, (4) the trial court erroneously voided the Quit Claim Deed by which Buchman conveyed title to himself and Mrs. Buchman, and (5) the trial court erred in denying Buchman’s motion to limit damages where the resi *392 dence was not included as a business asset as part of the arbitration award. We affirm. '
The arbitration award was entered on June 13, 2002, and was amended to include the residence as “an asset of the Canard/Buchman partnership” on October 2, 2002. Additionally, the arbitration award was ratified by the trial court on March 24, 2003. Clearly in response to the arbitration award, Buchman subsequently filed his designation of homestead on April 3, 2003. On January 21, 2004, this Court affirmed the arbitration award, including the designation of the residence as a partnership asset. Buchman v. Canard, 863 So.2d 487 (Fla. 3d DCA 2004). The issue of designating the residence a partnership asset, but not the issue of homestead, was briefed in the original appeal.
In light of this Court’s affirmance of the arbitration award, the law of the case in the instant matter is that the residence is a partnership asset. Buchman’s arguments that the property is homestead property have no merit where the designation of homestead and the conveyance of the property by Buchman to himself and his spouse as tenants by the entireties occurred after the trial court ratified the arbitration award.
This Court in Bueno v. Khawly, 677 So.2d 3 (Fla. 3d DCA 1996), explained that points adjudicated in a prior appeal are binding on the parties. “A per curiam decision of the appellate court is the law of the case between the same parties on the same issues and facts, and determines all issues necessarily involved in the appeal, whether mentioned in the court’s opinion or not.” Bueno v. Khawly, 677 So.2d at 4 (quoting Mitzenmacher v. Mitzenmacher, 656 So.2d 178, 179 (Fla. 3d DCA 1995)). Thus, the finding that the property was a partnership asset is the law of the case with respect to Buchman and Canard.
The question then arises whether a partner may claim a homestead interest on partnership property. Property acquired by a partnership is property of the partnership, not the individual partners. Shephard v. Ouellete, 854 So.2d 251, 253-54 (Fla. 5th DCA 2003) (holding that partnership-owned real estate could not be partitioned because it was owned. by a single entity, the partnership, but leaving open the possibility of a judicial sale of the property as part of the winding up of the partnership). Thus, partnership property cannot constitute the homestead property of one partner prior to the dissolution of the partnership.
In light of the foregoing, the remainder of Buchman’s arguments, specifically the voided transfer to his spouse and the lack of consent from Mrs. Buchman, are moot. The property is partnership property and one partner, individually, may not claim an exemption against the property. Likewise, the property could not be legally transferred to Mrs. Buchman. Accordingly, the Orders on appeal are affirmed.
Affirmed.
LEVY and GREEN, JJ., concur.