# Third District Court of Appeal

## State of Florida

Opinion filed March 6, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0025
Lower Tribunal No. F89-12383C
_____

**David B. Ingraham,**

Appellant,

vs.

**The State of Florida,**

Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Michelle Delancy, Judge.

David B. Ingraham, in proper person.

Ashley Moody, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and LINDSEY, and GORDO, JJ.

LINDSEY, J.

Appellant David B. Ingraham (Defendant below) appeals from an order denying his pro se motion to vacate illegal sentence. The trial court correctly denied Ingraham's motion because it determined the claims had previously been raised and rejected. Accordingly, we affirm.

Ingraham was convicted of one count of first-degree murder (Count I) and two counts of attempted second-degree murder (Counts II and III) for his role in the murder of Lee Arthur Lawrence.[1] Ingraham's crimes were committed in 1989 when he was a juvenile. He was sentenced to life in prison with parole eligibility after 25 years for first-degree murder and 30 years in prison for each of his two attempted second-degree murder counts. All three sentences run consecutively. On direct appeal, this Court affirmed Ingraham's convictions and sentences. Ingraham v. State, 626 So. 2d 1117 (Fla. 3d DCA 1993).

After Ingraham was convicted and sentenced, several United States Supreme Court and Florida Supreme Court decisions changed the juvenile sentencing landscape. In 2010, the United States Supreme Court held that the Eighth Amendment prohibits a sentence of life without parole for juvenile nonhomicide offenders. Graham v. Florida, 560 U.S. 48 (2010), as modified

[1] Additional details can be found in Johnson v. State, 696 So. 2d 317 (Fla. 1997), a case involving one of Ingraham's co-defendants.

2

(July 6, 2010).  In 2012, the Supreme Court expanded the holding in <u>Graham</u> to invalidate mandatory life without parole sentences for juvenile homicide offenders.  <u>Miller v. Alabama</u>, 567 U.S. 460 (2012).[2]  In 2015, the Florida Supreme Court held that <u>Graham</u> not only applies to life sentences but also to term-of-years sentences that are the functional equivalent of life without the possibility of parole.  <u>Henry v. State</u>, 175 So. 3d 675, 679 (Fla. 2015).[3] And in <u>Kelsey v. State</u>, 206 So. 3d 5, 8 (Fla. 2016), the Florida Supreme Court held that "all juveniles who have sentences that violate <u>Graham</u> are entitled to resentencing pursuant to chapter 2014–220, Laws of Florida, codified in sections 775.082, 921.1401 and 921.1402, Florida Statutes (2014)."[4]

---

[2] <u>Miller's</u> prohibition of *mandatory* life without parole does not foreclose the possibility of a life without parole sentence for juvenile homicide offenders. But it requires a sentencing court "to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison."  567 U.S. at 480.

[3] In <u>Henry</u>, the aggregate sentence totaled 90 years and required imprisonment until Henry was at least 95 years old.  175 So. 3d at 679–80.

[4] <u>Kelsey</u> also contained language that "could be understood as holding that any juvenile sentence longer than twenty years violates the Eighth Amendment."  <u>Pedroza v. State</u>, 291 So. 3d 541, 546 (Fla. 2020).  However, the Court in <u>Pedroza</u> clarified that this was not a holding but dictum.  <u>Id.</u> at 546-47.

In 2017, Ingraham, through counsel, filed a motion to vacate his sentences. He raised two arguments: (1) his life with parole sentence violated Miller and Graham and (2) his two consecutive 30-year sentences, to be served at the conclusion of his life-with-parole sentence, were contrary to Henry and Kelsey.

The trial court denied his first claim but did not address his second claim. On appeal, this Court affirmed the denial of Ingraham's first claim but remanded to the trial court to address whether "Ingraham's claim that the aggregate sixty-year sentence, to be served at the conclusion of his life-with-parole sentence on Count I, is unconstitutional and contrary to Henry and Kelsey." Ingraham v. State, 277 So. 3d 243, 244 (Fla. 3d DCA 2019).

On remand, the trial court conducted a hearing to determine whether the aggregate 60-year sentence following a life-with-parole sentence was unconstitutional. Importantly, the arguments raised at the hearing addressed the entire sentencing scheme and not only the aggregate 60-year sentence. Specifically, counsel for Ingraham argued that his aggregate 60-year sentence in conjunction with his life-with-parole sentence amounted to a de facto life sentence. The State argued that the aggregate, consecutive

4

60-year sentence that followed his life-with-parole sentence was not a de facto life sentence because of Ingraham's eligibility for gain time.[5]

Following the hearing, the trial court entered an order that once again denied Ingraham's motion to vacate illegal sentence. According to the order, "there is no legal reason to change, reduce or resentence the Defendant on Count Two and Three." The hearing transcript was attached to the order.

Ingraham, through counsel, appealed. On appeal, Ingraham continued to argue that the sentencing structure in his case resulted in a de facto illegal life sentence:

> Given the consecutive sentencing structure in this case, even if Mr. Ingraham was paroled today in count I, he would have to serve an additional sixty years in prison. In other words, he has yet to serve a single day in prison for his non-homicide offenses. Because this sentencing scheme guarantees that Mr. Ingraham will die in prison for non-homicide offenses committed as a juvenile, it violates Henry.

The State also addressed the entire sentencing structure and again relied on possible gain time:

> Thus, the instant case presents the question of whether consecutive sentences, totaling 60 years, which could conceivably have been reduced, from the original time of sentencing, by about two-thirds,

---

[5] In 1995, section 944.275, Florida Statutes, was amended to require that convicted offenders serve a minimum of 85% of their entire sentence. This requirement does not apply to Ingraham because his offenses predated the enactment of the legislation.

5

with a resulting 20-years of sentences to be served, resulted in a de facto life sentence when viewed in conjunction with the life sentence with parole eligibility after 25 years for the first-degree murder. Based on numerous decisions from Florida appellate courts, it does not.

The State further set forth calculations based on gain time to show that at the time of his original sentence, Ingraham was facing the possibility of release at about age 63. Ingraham did not file a reply disputing these calculations. The State's arguments were primarily based on Pedroza, a recently decided case in which the Florida Supreme Court clarified and receded from some of its prior decisions.[6]

This Court per curiam affirmed, citing to Pedroza. Ingraham v. State, 314 So. 3d 715 (Fla. 3d DCA 2021). Ingraham, this time pro se, filed a motion for rehearing in which he argued that this Court overlooked that "although [Appellant] has a parole eligible sentence, the structure of his sentences clearly deprives him of a meaningful opportunity for release and amounts to the fundamental equivalent of a life sentence." Ingraham provided his own calculations, which did not take into account gain time,

---

[6] In Johnson v. State, 215 So. 3d 1237 (Fla. 2017), the Florida Supreme Court held that the application of gain time was insufficient to satisfy the requirements of Graham, Henry, and Kelsey. However, the Court in Pedroza receded from Johnson. Pedroza, 291 So. 3d at 548.

6

showing that he would not be eligible for release until he was 95. This Court denied Ingraham's motion for rehearing.[7]

In November 2021, Ingraham, pro se, filed another motion below to vacate his sentence. Ingraham again focused on the structure of the sentence and argued that it was a de facto life sentence because he will be 95 years old upon completing the consecutive, aggregate 60-year sentence. In response, the State argued that the court had already considered and rejected Ingraham's arguments. The trial court agreed and denied Ingraham's motion "because the defendant's claim has already been previously denied by the court and because the court already found that there is no legal reason to change, reduce, or resentence the Defendant on Count Two and Three." Ingraham sought rehearing, and following the denial of rehearing, Ingraham filed the instant appeal.

On appeal, Ingraham continues to focus on the structure of his sentences. But this argument has already been raised and

---

[7] Because the effect of gain time was raised in the prior appeal, we do not consider it here. See Buchman v. Canard, 926 So. 2d 390, 392 (Fla. 3d DCA 2005) ("A per curiam decision of the appellate court is the law of the case between the same parties on the same issues and facts, and determines all issues necessarily involved in the appeal, whether mentioned in the court's opinion or not." (quoting Bueno v. Bueno de Khawly, 677 So. 2d 3, 4 (Fla. 3d DCA 1996))). Though we may reconsider a prior decision where manifest injustice would result, Strazzulla v. Hendrick, 177 So. 2d 1, 4 (Fla. 1965), we do not do so here because this argument has not been raised.

considered. Indeed, when this Court remanded the case for further proceedings in 2019, this was to consider whether Ingraham's "aggregate sentence of sixty years in prison for the non-homicide offenses (two consecutive thirty-year sentences on Counts II and III), *to be served at the conclusion of his life-with-parole sentence on Count I*, is unconstitutional and contrary to the Florida Supreme Court's decisions in <u>Henry</u> and <u>Kelsey</u>." <u>Ingraham</u>, 277 So. 3d at 244 (emphasis added). On remand, the transcript of the hearing makes clear that the trial court did in fact consider the entire structure of the sentences. Moreover, this argument was raised in a prior appeal and rejected and again rejected when the panel denied rehearing.

Because Ingraham's argument in this appeal was previously raised and rejected, we affirm. <u>See</u> <u>Garcia v. State</u>, 69 So. 3d 1003, 1004 (Fla. 3d DCA 2011) ("[A] defendant is not entitled to successive review of a specific issue that already has been decided on the merits."); <u>Bueno v. Bueno de Khawly</u>, 677 So. 2d 3, 4 (Fla. 3d DCA 1996) ("We affirm the judgment on appeal, as we are governed by the doctrine of law of the case. 'Simply stated, that doctrine is that those points of law adjudicated in a prior appeal are binding in order to promote stability of judicial decisions and to avoid piecemeal litigation.'" (quoting <u>Jacobson v. Humana Medical Plan, Inc.</u>, 636 So. 2d 120, 121 (Fla. 3d DCA 1994))).

Affirmed.