24-1001-cv
*Eagle v. USI Ins. Serv. Nat'l, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand twenty-five.

Present:
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

GREG W. EAGLE, PINE CREEK RANCH, LLC, UNIVERSITY 1248, LLC,

> *Plaintiffs-Appellants*,

v.                                                          24-1001-cv

USI INSURANCE SERVICE NATIONAL, INC.,

> *Defendant-Appellee*,

TISDALE & NICHOLSON, LLP, JEFFREY A. TISDALE, GUY C. NICHOLSON,

> *Defendants*.[*]

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR PLAINTIFFS-APPELLANTS:   KEVIN SCHLOSSER, Daniel B. Rinaldi, Meyer, Suozzi, English & Klein, P.C., Garden City, NY.

FOR DEFENDANT-APPELLEE:   PETER J. BIGING, Goldberg Segalla LLP, New York, NY; Meghan Brown, Goldberg Segalla LLP, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Greg W. Eagle ("Eagle"), Pine Creek Ranch, LLC ("Pine Creek"), and University 1248, LLC ("University 1248") (collectively, "Plaintiffs") paid EVMC Real Estate Consultants, Inc. ("EVMC") millions of dollars in advance fees for real-estate loans that never materialized.   In hopes of securing loans from EVMC or with its assistance for a new project, Eagle signed a Release Agreement "on behalf of himself and any and all of his affiliates" that "release[d] and forever discharge[d] EVMC, as well as its agents, officers, shareholders, employees, consultants, and attorneys . . . from and against any and all claims . . . which to any degree pertain to . . . any [of their] business dealings . . . ."   App'x at 1205-06.   Not long after, Eagle signed a Credit Facility Agreement (the "CFA") that "forever discharge[d] and release[d]" EVMC and its "current and former officers, directors, consultants, agents, . . . attorneys, trustees, and insurance carriers . . . with respect to each and every claim or potential claim or cause of action . . . [for] any and all prior business dealings . . . ."   *Id.* at 1240.

After the hoped-for loans did not materialize, Plaintiffs sued EVMC and its affiliates seeking, *inter alia*, recovery for fraud and unjust enrichment.   EVMC's insurance-services agent, USI Insurance Service National, Inc. ("USI"), moved for summary judgment, arguing that Plaintiffs waived any and all claims against them under the Release Agreement and CFA.   The

2

district court granted the motion, finding the releases valid and enforceable by USI as an agent and consultant of EVMC.[1]

Plaintiffs appeal that grant of summary judgment as to USI, arguing that "neither the Release Agreement nor the CFA's release provision is a bar to [Plaintiffs'] fraud and unjust enrichment claims as a matter of law." Appellants' Br. at 15. "We review the district court's decision to grant summary judgment *de novo*, resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Booker v. Graham*, 974 F.3d 101, 106 (2d Cir. 2020) (quotation marks omitted). We assume the parties' familiarity with the remaining underlying facts, procedural history of the case, and issues on appeal.

First, Plaintiffs argue that "the CFA is unenforceable because it was procured by fraud." Appellants' Br. at 58. The district court rejected this argument on the ground that "to successfully establish a defense of fraud in the inducement" under Florida law, which governs the CFA, "the reliance underlying a claim for fraudulent inducement must be reasonable." *Sands Harbor Marina Corp. v. USI Ins. Serv. Nat'l, Inc.*, 586 F. Supp. 3d 163, 174 (E.D.N.Y. 2022). The district court found that "any reliance on the part of [Plaintiffs] was indisputably unreasonable" against the backdrop of EVMC's years of broken promises, concerns by Eagle's team, and potential lawsuits against EVMC. *Id.*

---

[1] The district court also granted summary judgment to Tisdale & Nicholson, LLP and Jeffrey A. Tisdale (collectively, "T&N Defendants"). Plaintiffs withdrew their appeal as against the T&N Defendants in light of a settlement. *See* Dkt. 88, 89. We proceed with the appeal only as against USI.

On appeal, Plaintiffs contend that "justifiable reliance is not a necessary element of" fraudulent inducement under Florida law. Appellants' Br. at 58. Plaintiffs' argument fails. They rely entirely on a standalone statement in *Butler v. Yusem*, a case that concerns *fraudulent misrepresentation*. *See Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) ("Justifiable reliance is not a necessary element of fraudulent misrepresentation."). Post-*Butler*, Florida courts continue to hold that the doctrine of *fraudulent inducement* requires justifiable reliance. *See, e.g.*, *Maroone Chevrolet, LLC v. Alvarado*, 344 So. 3d 459, 466 (Fla. 4th Dist. Ct. App. 2022) (listing justifiable reliance as one of four elements of fraudulent inducement). Further, *Butler* did not overrule "the well-established and common sense principle of law espoused in [*Columbus Hotel Corp. v. Hotel Management Co.*, 156 So. 893 (Fla. 1934)] and its progeny: generally, adverse parties negotiating [to settle claims] in an attempt to avoid litigation cannot rely upon the representations of one another." *Moriber v. Dreiling*, 194 So. 3d 369, 374 (Fla. 3d Dist. Ct. App. 2016); *see also Pieter Bakker Mgmt., Inc. v. First Fed. Sav. & Loan Ass'n*, 541 So. 2d 1334, 1335-36 (Fla. 3d Dist. Ct. App. 1989) (dismissing a fraudulent-inducement claim because, where "the relationship between the parties has been plagued with distrust," a party seeking to settle their controversy "is not entitled to rely blindly on the opposing party's representations"). Plaintiffs do not dispute the district court's finding that they had a "woeful history" of interactions with EVMC. *See Sands Harbor Marina Corp.*, 586 F. Supp. 3d at 174. Accordingly, Plaintiffs' fraud-in-the-inducement argument fails. We therefore affirm the district court's holding that the CFA is enforceable.

Second, Plaintiffs argue that USI is not a third-party beneficiary of the Release Agreement and CFA. Appellants' Br. 29, 48. The district court rejected this argument. Although USI is

not explicitly mentioned in either agreement, the district court found that "the plain language of the releases cover agents of EVMC, which includes USI." *Sands Harbor Marina Corp.*, 586 F. Supp. 3d at 173. The district court ruled that under California law, which governs the Release Agreement, and Florida law, which governs the CFA, insurance brokers are "agents" of the insured. *Id.* It also found that USI and EVMC had entered a Client Services Agreement in 2006, under which USI had agreed to act as a consultant for EVMC's Residual Value Insurance needs. *Id.*

Plaintiffs' claim of error in this ruling fails. Under both California and Florida law, a nonparty to an agreement can enforce certain of its terms by showing that the nonparty is one of the class of persons for whose benefit it was made. *See Gen. Motors Corp. v. Superior Ct.*, 15 Cal. Rptr. 2d 622, 628 (2d Div. Ct. App. 1993); *Hunt Ridge at Tall Pines, Inc. v. Hall*, 766 So. 2d 399, 400 (Fla. 2d Dist. Ct. App. 2000). The Release Agreement and CFA reflect the parties' clear intent to release claims against EVMC's "agents." *See* App'x at 1205-06, 1240. As EVMC's insurance broker, USI was EVMC's agent. *See Marsh & McLennan of Cal., Inc. v. City of Los Angeles*, 132 Cal. Rptr. 796, 802 (5th Div. Ct. App. 1976) ("[A]n insurance broker is generally an agent of the insured."); *Amstar Ins. Co. v. Cadet*, 862 So. 2d 736, 740 (Fla. 5th Dist. Ct. App. 2003) (same). Moreover, the district court correctly discerned that USI's Client Services Agreement with EVMC rendered it a "consultant" also covered by the agreements. We thus affirm the district court's conclusion that USI is a third-party beneficiary that can enforce the Release Agreement and the release provision of the CFA.

Third, Plaintiffs advance eight other legal arguments, none of which appeared in their Memorandum of Law in Opposition, their pre-motion conference letter, or their pre-motion

conference reply letters in the district court. "It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal. While we have some discretion to consider forfeited arguments, we will generally not . . . exercise our discretion where the forfeited argument was available to the parties below and they proffer no reason for their failure to raise the arguments below." *Siemens Energy, Inc. v. Petróleos de Venezuela, S.A.*, 82 F.4th 144, 160 (2d Cir. 2023) (alteration adopted and quotation marks omitted).

Plaintiffs' new arguments are forfeited. USI argues in its brief that Plaintiffs forfeited these new arguments, and Plaintiffs' reply brief offers no reason for their failure to make the arguments below. Nor do Plaintiffs argue that an exception to the forfeiture rule applies. They instead argue that, because of the allocation of the burden of proof at summary judgment, a non-moving party cannot forfeit arguments not made by them at that stage of the proceeding. But that is wrong. *See, e.g.*, *Unkechaug Indian Nation v. Seggos*, 126 F.4th 822, 832 (2d Cir. 2025); *Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 70 (2d Cir. 2014); *Oneida Indian Nation of New York v. Madison Cnty.*, 665 F.3d 408, 441 (2d Cir. 2011). Accordingly, we decline to review these arguments.

*     *     *

We have considered the remainder of Plaintiffs' arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6