SMITH, McFERRIN, Associate Judge.
Pamela Whitaker, plaintiff below, appeals from a final judgment in favor of Robert Powers, Robert N. Howard and Za-les Jewelers, etc., defendants below.
Count I of the complaint was an action for breach of contract. Ms. Whitaker alleged that on April 26, 1977, her attorney entered into a verbal contract with Mr. Powers, an agent for Zales, as follows:
In consideration of John R. Overchuck’s assurance that certain bills would be paid out of a settlement, ROBERT POWERS agreed on behalf of ZALES JEWELERS that he would voluntarily dismiss a law suit that ZALES JEWELERS had brought against the plaintiff, PAMELA WHITAKER, and that the credit of the plaintiff, PAMELA WHITAKER, was being preserved to the extent that no derogatory credit rating had been placed on file with any credit bureau by the defendant, ZALES JEWELERS.
Count II was an action for fraud and deceit. Ms. Whitaker alleged that Zales, through Powers, made representations concerning the preservation of her credit rating to her attorney, that the representations were false at the time they were made, (a derogatory credit report had already been made) and that the representations were made with the intent to deceive and defraud her and to induce her to act in accordance with the representations. Ms. Whitaker further alleged that she relied upon these representations.
*155 The defendants moved for judgment on the pleadings, which the court ultimately granted. The trial court found that statements made by the defendants only induced Ms. Whitaker to do what she was already obligated to do (pay her bills) and therefore, she could not be defrauded by the statements; nor could these statements amount to “consideration” to form a contract.
The only issue for this court is whether the trial court properly entered its judgment on the pleadings. We find that it did not.
A motion for judgment on the pleadings under Rule 1.140(c) raises only questions of law, and matters outside the pleadings cannot be considered. All well-pleaded allegations of the non-moving party are taken to be true, while those of the movant that have been denied, are taken as not proved in determining the motion. Conclusions of law are not admitted by the motion. Trawick, Florida Practice and Procedure, § 10-9 (1981); Kreiger v. Ocean Properties, Ltd., 387 So.2d 1012 (Fla. 4th DC A 1980); City of Miami v. J.C. Vereen & Sons, Inc., 359 So.2d 533 (Fla. 3d DCA 1978).
Here, the trial court clearly considered matters outside the pleadings in concluding that Ms. Whitaker was already obligated to pay the “bills” referred to in her complaint. There is nothing in these pleadings to establish that these “bills” were Ms. Whitaker’s bills, or that Ms. Whitaker was legally obligated to pay them.
Accordingly, the judgment of the trial court is
REVERSED and REMANDED.
COBB and SHARP, JJ., concur.