COPE, Judge.
This is an appeal from the entry of an order granting judgment on the pleadings in favor of a lender in an action on promissory notes and guarantees.[1] We reverse.
Commencing in 1983 appellant Scarborough Associates, a Florida general partnership (“borrower” or “mortgagor”) obtained mortgage loans from appellee Financial Federal Savings and Loan Association (“lender”) for the purchase and development of real property. Appellees H. Charles Kwasha, Sylvia H. Kwasha, M. Jack Herman and Barbara R. Herman (“guarantors”) guaranteed the indebtedness. The notes were increased and renewed and the guaranties were renewed several times over the following years.
In connection with a final renewal of the notes and guaranties, on March 21, 1991 the parties executed a Modification Agreement. The Modification Agreement set forth the rights and obligations of the parties and in paragraph 3 stated:
Indebtedness. Mortgagor and Guarantors acknowledge and confirm that ... Mortgagor is presently indebted to the Mortgagee by virtue of said Notes in the principal sum of $4,816,630.42, plus accrued interest from the date last paid, all of which is free and clear of any defense, setoff or counterclaim.
Subsequently, in November, 1991, the lender filed suit against the borrower and guarantors, alleging a default in payment. Borrower and guarantors answered and filed affirmative defenses and counterclaims.
The lender sought judgment on the pleadings, arguing that paragraph 3 of the Modification Agreement conclusively precluded the affirmative defenses and counterclaims. After hearing, the trial court agreed and concluded that the lender was entitled to judgment as a matter of law. The trial court also concluded that calculation of the amount of the judgment would require consideration of affidavits or other proof outside the pleadings. Consequently the court entered an order which granted the lender’s motion for judgment on the pleadings but reserved jurisdiction for calculation of the amount of the judgment. This appeal ensued.
The standards for ruling on a motion for judgment on the pleadings are as follows:
In ruling on a motion for judgment on the pleadings material allegations of the moving party which have been denied are taken as false. Conclusions of law also are not deemed admitted for purposes of the motion. The court must accept as true all well-pleaded allegations of the non-moving party. Judgment on the pleadings can be granted only if, on the facts as admitted for purposes of the motion, the moving party is clearly entitled to judgment.
Yunkers v. Yunkers, 515 So.2d 419, 420 (Fla. 3d DCA 1987) (citations omitted).
The principal issue argued in the trial court was the proper interpretation of the Modification Agreement.[2] In the Modifi *1003 cation Agreement the mortgagor and guarantors had acknowledged that “Mortgagor is presently indebted to the Mortgagee by virtue of said Notes in the principal sum of $4,816,630.42, plus accrued interest from the date last paid, all of which is free and clear of any defense, setoff or counterclaim.” (Emphasis added). The borrower and guarantors argued in substance that this clause waived all defenses up to and including the date of execution of the Modification Agreement (March 21, 1991), but did not preclude the raising of any defenses arising from events occurring after March 21, 1991. The lender argued in substance that this clause was like a covenant not to sue, and that the clause not only waived any past defenses but also waived any defenses arising after the March 21, 1991 execution of the Modification Agreement. The court agreed with the lender and entered its order in lender’s favor.
We respectfully disagree with the trial court’s interpretation. The Modification Agreement recited that “Mortgagor is presently indebted to the Mortgagee by virtue of said Notes in the principal sum of $4,816,-630.42, plus accrued interest from the date last paid, all of which is free and clear of any defense, setoff, or counterclaim.” (Emphasis added). The use of the present tense — “is,” and “is presently” — constitutes an acknowledgment by the borrower and guarantors that the outstanding balance as of that date was $4,816,630.42, plus accrued interest, and that the signatories to the Modification Agreement had no defenses, setoffs, or counterclaims with respect to that amount — as of that date. The language does not discuss any claims which might arise on the basis of events occurring after March 21, 1991, nor does the clause contain a promise not to raise defenses based on events which might occur after March 21, 1991.
Here, the lender was granting an extension of the outstanding loans which was desired by the borrower and the guarantors. As a quid pro quo, the lender desired an express acknowledgment of the amount and validity of the outstanding notes, and that there were no defenses with respect to the outstanding loans. Cf. Capital Bank v. MVB, Inc., 644 So.2d 515 (Fla. 3d DCA 1994) (effect of giving renewal note). The language used in the Modification Agreement was designed to address the situation existing as of March 21, 1991, but does not address any new events which might arise after that time.
At the hearing below the borrower and guarantors pointed out that several of then-defenses and counterclaims involved events occurring after March 21, 1991. On remand there must be a reexamination of the defenses and counterclaims on appropriate motion to ascertain which ones survive the Modification Agreement. Because there must be further proceedings on remand, we address several of the matters pleaded by the borrower and guarantors.
The borrower and guarantors have asserted by affirmative defense and counterclaim that the relationship between the parties was actually that of joint venturer, rather than that of lender and borrower/guarantors. The pleadings of the borrower and guarantors assert that the various loan agreements and dealings between the parties have, from 1983 onward, given the lender certain powers of approval with respect to this project, such that the lender should be viewed as having become a joint venturer along with the borrower and guarantors. It is our view that the joint venture defense and counterclaim are barred by the Modification Agreement. It is very clear that this joint venture defense and counterclaim are predicated on the various contracts between the parties executed prior to March 21,1991, and other allegations about conduct occurring before that date. The Modification Agreement clearly waived all such defenses or counterclaims through and including March 21,1991. See generally Drane v. Sun Bank, Nat’l Ass’n, 596 So.2d 1122, 1125 (Fla. 5th DCA 1992); Pieter Bakker Management, Inc. v. First Federal Sav. & Loan Ass’n, 541 So.2d 1334, 1336 (Fla. 3d DCA), review denied, 549 So.2d 1014 (Fla.1989), enforcement denied, 575 So.2d 222 (Fla. 3d DCA 1991). To allow the assertion of such claims subsequent to March 21, 1991 would frustrate the explicit *1004 terms of the Modification Agreement.[3]
The borrower and guarantors next argue that judgment on the pleadings is precluded because the borrower and guarantors denied the lender’s allegation that all conditions precedent to recovery have been performed or occurred. The position of the borrower and guarantors on this point is not well taken.
Florida Rule of Civil Procedure 1.120(c) states:
Conditions Precedent. In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.
Id.; see also San Marco Contracting Co. v. Department of Transp., 386 So.2d 615, 617 (Fla. 1st DCA 1980).
As allowed by the Rule, the lender in this case pled that “Plaintiff has performed all conditions precedent to be performed by Plaintiff or they have occurred.” In response the borrower and guarantors simply denied the lender’s allegation. Such a blanket denial was insufficient. Since the denial was not particularized as required by the Rule, it was not well-pled and was appropriately disregarded for purposes of the motion for judgment on the pleadings.
The borrower and guarantors next argue that the pleadings reveal a dispute about the existence of a default, which precludes judgment on the pleadings. We agree. The lender’s suit was predicated on the allegation that the borrower had failed to make the loan payments due October 1,1991 and thereafter. In their answer, the borrower and guarantors denied that they had failed to make the required payments. For purposes of the motion for judgment on the pleadings, the denial of nonpayment is taken as true. See Yunkers, 515 So.2d at 420. Since the sole basis for the lender’s suit was the alleged default in payment, and the borrowers have denied that allegation, judgment on the pleadings is precluded at this stage of the proceedings.
We do not discuss any of the other defenses and counterclaims raised by the borrower and guarantors. The question of what other defenses and counterclaims survived the Modification Agreement should be considered by the trial court on remand.
The order under review is reversed and the cause remanded for further proceedings consistent herewith.

. The appeal has proceeded here as an appeal of a non-final order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).

. The Agreement was annexed to the complaint, and the parties' pleadings admitted execution of the document. A judgment on the pleadings is appropriate where only issues of law are raised. Shay v. First Federal of Miami, Inc., 429 So.2d 64, 65 (Fla. 3d DCA 1983). See generally Wilcox v. Lang Equities, Inc., 588 So.2d 318, 319 (Fla. 3d DCA 1991); Tollius v. Dutch Inns of America, Inc., 244 So.2d 467, 472 (Fla. 3d DCA 1970), cert. denied, 247 So.2d 437 (Fla.1971).

. Plainly, the claims of breach of fiduciary duty relating to the joint venture allegations set forth in counts I and IV of the counterclaim are barred as well.