PARIENTE, Judge.
Plaintiff appeals from an order of dismissal entered pursuant to defendants’ motion for judgment on the pleadings. This case arises out of a real estate transaction. Plaintiff, who filed his complaint pro se, alleged breaches of written and oral contracts and fraud in the inducement. Defendants admitted they breached the contract by not purchasing plaintiffs property. Defendants’ affirmative defenses raised the existence of a liquidated damages provision limiting plaintiffs damages under the contract. The trial court granted defendants’ motion, stating *293 that the agreed-upon damages for breach was the forfeiture of the deposit.
A motion for judgment on the pleadings pursuant to Florida Rule of Civil Procedure 1.140(c) is a very limited procedural device. The motion must be decided on the pleadings without reference to facts which may be properly considered under other procedural vehicles and without the aid of outside matters. Skubal v. Cooley, 639 So.2d 1126 (Fla. 4th DCA 1994); McKinzie v. Hollywood, Inc., 421 So.2d 606 (Fla. 4th DCA 1982), petition for review denied, 431 So.2d 989 (Fla.1983). A judgment on the pleadings should be granted only when the party is clearly entitled to a judgment as a matter of law based solely on the pleadings. McKinzie.
No reply was filed to the affirmative defenses. Accordingly, all affirmative defenses are deemed denied, including those defenses directed to the liquidated damages clause. See Fla.R.Civ.P. 1.110(e). In addition, assuming the liquidated damages clause is valid, the clause does not constitute a defense to a claim for fraud in the inducement. Therefore, at this stage of the proceedings, we conclude that entry of a judgment on the pleadings was erroneous.
REVERSED AND REMANDED.
STEVENSON, J., concurs.
GLICKSTEIN, J., dissents with opinion.