COPE, Judge.
This is an appeal from a final judgment entered upon a motion for judgment on the pleadings.
The plaintiff-appellant, Shirlee Cutler, brought an action to foreclose a mortgage that had been partially assigned to her. The trial court granted the appellees’ motion for judgment on the pleadings, finding that the assignment (which was appended to the foreclosure complaint) had expired by its own terms.
The standards for ruling on a motion for judgment on the pleadings are as follows:
Material allegations of the moving party which have been denied are taken as false. Conclusions of law also are not deemed admitted for purposes of the motion. The court must accept as true all well-pleaded allegations of the non-moving party. Judgment on the pleadings can be granted only if, on the facts as admitted for the purposes of the motion, the moving party is clearly entitled to judgment.
Yunkers v. Yunkers, 515 So.2d 419, 420 (Fla. 3d DCA 1987) (citations omitted); accord Scarborough Assocs. v. Financial Fed. Sav. & Loan Ass’n of Dade County, 647 So.2d 1001, 1002 (Fla. 3d DCA 1994).
We conclude that the judgment on the pleadings was improvidently entered. First, the admittedly awkward language of the assignment is ambiguous. The phraseology indicates that the mortgage was assigned “as collateral security for the advancement of $30,000 for a period of six months, or such extensions as may be authorized at the sole discretion of the Assignee_” * The question is whether (a) the parties intended the assignment itself to expire in six months unless extended, or (b) the language means that the $30,000.00 loan would be due in six months unless the due date was extended. Under alternative (b), the assignment did not itself have an expiration date.
Second, even if alternative (a) is the correct reading and the assignment only had a life of six months, the assignment also states that the period could be extended by the unilateral action of the assignee. The plaintiffs complaint was silent as to whether there had been any such extensions. That being so, it was not possible to ascertain from the face of the pleadings whether the assignment had expired.
Accordingly, judgment on the pleadings should not have been entered because the question of the time period and to what it referred presented factual issues.
Reversed and remanded for proceedings consistent herewith.

 The pertinent provision of the assignment states that the assignor,
in consideration of the sum of Thirty Thousand and no/100 — ($30,000)-DOLLARS, and other valuable considerations, received from and on behalf of Shirley Cutler, party of the second part, the receipt whereof is hereby acknowledged, does hereby grant, bargain, sell, assign, transfer, and set over unto the said party of the second part as collateral security for the advancement of $30,000, for a period of six months, or such extensions as may be authorized at the sole discretion of Assignee, such portion of a certain mortgage bearing the date of the 12th day of February A.D.1993, made by Twin Oaks Resources, Inc., guaranteed personally by Richard S. Astrom, President, in favor of ALTERNATIVE BANCORP AND/OR ASSIGNS, as security for repayment of the total sum of $48,000.00 and interest.