785 So.2d 1251 (2001)
Ivan MARTINEZ and Yamile Martinez, as co-personal representatives of the Estate of Alberto Martinez, deceased, Appellants,
v.
FLORIDA POWER & LIGHT CO., Appellee.
No. 3D99-2795.
District Court of Appeal of Florida, Third District.
June 6, 2001.
Rehearing Denied June 6, 2001.
Stewart G. Greenberg, Miami; Russo Parrish and Stuart B. Yanofsky, and Kathleen M. O'Connor, Miami, for appellants.
Robert Boan, Juno Beach; Hicks, Anderson & Kneale and Mark Hicks and John A. Greco, Miami, for appellee.
*1252 Before LEVY, GODERICH, and SHEVIN, JJ.

ON MOTION FOR REHEARING DENIED
LEVY, Judge.
Appellants appeal from an Order granting Florida Power & Light's (FP & L) Motion for Judgment on the Pleadings contending that, contrary to the trial court's ruling, FP & L owed the deceased minor a duty to maintain and/or repair a streetlight, which was not functioning the evening the deceased minor was struck and killed by a motor vehicle while crossing the street. We affirm.
The issue of whether a duty exists is a question of law that may be determined by the court. See Florida Power & Light, Co. v. Periera, 705 So.2d 1359 (Fla. 1998). The only issue raised by the motion, and considered by the trial court in the instant matter, was whether FP & L owed appellants a duty to maintain the streetlights. Where the only issue raised by the motion was the extent, if any, of FP & L's duty, judgment on the pleadings was wholly appropriate. See Scarborough Assocs. v. Financial Fed. Sav. & Loan Ass'n of Dade County, 647 So.2d 1001, 1002 (Fla. 3d DCA 1994)(recognizing that judgment on the pleadings is appropriate where only issues of law are raised).
The leading case addressing the duty of a public utility company is H.R. Moch Co. v. Rensselaer Water Co., 247 N.Y. 160, 159 N.E. 896 (1928). Moch involved a private water company which, under its contract with the city and statutory imposition, was obligated to furnish water through hydrants for fire protection. A third-party brought suit against the water company after it suffered fire damage, as a result of alleged low water pressure to the fire hydrants, claiming breach of contract, common-law tort, and breach of statutory duty. After considering whether the water company may be liable under any of the alleged theories, the Court declined to impose any duty upon the water company. The Court found that neither the contract nor statute inured to the benefit of individual members of the public, barring any potential liability under either theory. See Moch, 159 N.E. at 897-99. Additionally, the Court described the failure to furnish an adequate supply of water as the denial of a benefit, not the commission of a wrong, and found that no common-law duty was owed to the plaintiff because the indefinite number of potential beneficiaries "would be unduly and indeed indefinitely extended by [] enlargement of the zone of duty." Moch, 159 N.E. at 899.
Following Judge Cardozo's reasoning in Moch, the Fourth District in Arenado v. Florida Power & Light Co. declined to extend liability to utility companies in similar situations. 523 So.2d 628 (Fla. 4th DCA 1988). In Arenado, plaintiff was killed after her vehicle and another vehicle collided in an intersection controlled by a traffic signal which was inoperative due to a down FP & L transmission line. Plaintiff alleged that the cause of the interruption of the electric service was the negligence of FP & L. The Court first noted that there was no statutory basis from which to impose a duty on FP & L. See Arenado, 523 So.2d at 628. The Court then, relying on Moch, held that there was similarly no breach of contractual and or common law tort duty. See Arenado, 523 So.2d at 629. The Court found that there was no contractual relationship between plaintiff and FP & L, where FP & L's contract was between itself and the County to provide electricity for the County, and recognized that the benefit to the public is incidental rather than immediate, exposing FP & L to liability only as it affects the County. See Arenado, 523 So.2d at 629. The Court similarly found that FP & *1253 L did not owe plaintiff any common law duty of care recognizing that FP & L did not assume the duty which plaintiff sought to impose upon it. Accordingly, the Court held that the public utility owed no duty to the plaintiff. See Arenado, 523 So.2d at 629.
Other jurisdictions have similarly declined to extend liability in situations akin to the one here. See Vaughan v. Eastern Edison Co., 48 Mass.App.Ct. 225, 719 N.E.2d 520 (1999); White v. Southern Cal. Edison Co., 25 Cal.App.4th 442, 30 Cal. Rptr.2d 431 (1994). In White, the court, on plaintiffs motion for summary judgment, dismissed plaintiffs Complaint finding that the electric company owed no duty to maintain the street light. The Court first recognized the line of cases that deny liability on the basis that the contract to maintain lighting is between the City and the utility and found that the duty to supply street light only extends to the parties to the contract. See White, 30 Cal.Rptr.2d at 436. With respect to whether the utility company may be liable for common-law tort, the Court ultimately accepted a previously noted theory that, at best, the failure to provide adequate lighting was a deprivation of benefit, not the violation of a duty. See White at 437 (quoting H.R. Moch Co. v. Rensselaer Water Co., 247 N.Y. 160, 159 N.E. 896 (1928)). Noting that the installation of the streetlight is not necessary to obviate a dangerous condition, the Court found that the failure to maintain a streetlight does not create a risk greater than the risk created by the total absence of a streetlight and, accordingly, the injured party could not have relied on the operation of the streetlight. See White, 30 Cal.Rptr.2d at 437.
Similarly, in Vaughan, plaintiff was injured when she was crossing a street from her college campus to a commuter parking lot. The streetlights on the opposite side of the street where plaintiff entered the cross walk were inoperative at the time of the accident. The facts were undisputed that the electric company owned and installed the light poles. On the electric company's motion for summary judgment, the trial court dismissed the negligence claims against the electric company finding that it owed no duty to plaintiff. On appeal, the Court recognized that the legal issue before it was whether an electric utility company owes a duty of care to a pedestrian injured in an accident caused in part by an inoperative light that the utility has contracted to maintain. See Vaughan, 719 N.E.2d at 522. The Court relied heavily on authority from other jurisdictions, and Moch, to recognize and hold that "an electric company under contract to make repairs and maintain street lights has no common law duty to third persons who are injured." Vaughan, 719 N.E.2d at 523 (citing Arenado v. Florida Power & Light Co., 523 So.2d 628 (Fla. 4th DCA 1988)).
For the foregoing reasons, we affirm the Order granting FP & L's Motion for Judgment on the Pleadings.
Affirmed.
GODERICH, J., concurs.
SHEVIN, J., dissenting.
I am unable to join the majority's affirmance in this case. I would hold that the trial court erred in granting a judgment on the pleadings.
Florida Power and Light ["FPL"] did not meet the heavy burden imposed on a party moving for judgment on the pleadings.
In ruling on a motion for judgment on the pleadings material allegations of the moving party which have been denied are taken as false. Conclusions of law also are not deemed admitted for purposes of the motion. The court must accept as true all well-pleaded allegations of the non-moving party. Judgment *1254 on the pleadings can be granted only if, on the facts as admitted for purposes of the motion, the moving party is clearly entitled to judgment.
Covert v. South Florida Stadium Corp., 762 So.2d 938, 939-40 (Fla. 3d DCA 2000)(quoting Scarborough Assoc. v. Financial Fed. Sav. & Loan Ass'n of Dade County, 647 So.2d 1001, 1002 (Fla. 3d DCA 1994)); First Fin. USA, Inc. v. Steinger, 760 So.2d 996, 997 (Fla. 4th DCA 2000). FPL was not entitled to a judgment on the pleadings on the record before us.
The amended complaint adequately alleged FPL's duty to maintain or repair streetlights, and adequately set out that FPL's failure to meet its duty was the cause of the plaintiff's decedent's death. FPL's denial that it had any duty, a material allegation of the moving party that was denied and must be taken as false, cannot affect the trial court's obligation to view the well-pleaded facts in the amended complaint as true. FPL's motion for judgment on the pleadings could not overcome this shortfall and was legally insufficient.
I would have reversed the order granting judgment on the pleadings and remanded for further proceedings.