863 So.2d 1204 (2003)
Ivan MARTINEZ, etc., et al., Petitioners,
v.
FLORIDA POWER & LIGHT COMPANY, Respondent.
No. SC01-1505.
Supreme Court of Florida.
December 18, 2003.
Stewart G. Greenberg, P.A., Miami, Elizabeth K. Russo of Russo Appellate Firm, Miami, FL; and Dennis R. Schutt of Schutt Humphries, Jacksonville, FL, for Petitioners.
Robert Boan, FPL Law Department, Miami, Mark Hicks and Ralph O. Anderson of Hicks, Anderson & Kneale, P.A., Miami, FL, for Respondent.
Charles T. Wiggins and R. Andrew Kent of Beggs & Lane, LLP, Pensacola, FL, for Gulf Power Company, Amicus Curiae.
Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, FL, for the Academy of Florida Trial Lawyers, Amicus Curiae.
Timothy C. Conley and David W. McCreadie of Lau, Lane, Pieper, Conley & McCreadie, P.A., Tampa, FL, for Tampa Electric Company and Edison Electric Institute, Amici Curiae.
SHAW, Senior Justice.
We have for review Martinez v. Florida Power & Light Co., 785 So.2d 1251 (Fla. 3d DCA 2001) (hereinafter "Martinez"), which expressly and directly conflicts with Clay Electric Cooperative, Inc. v. Johnson, Nos. SC01-1955 & SC01-1956, ___ So.2d ___, 2003 WL 22966277(Fla. Dec. 18, 2003) (hereinafter "Clay Electric"). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
The pertinent facts as alleged in the complaint are as follows. On November 4, 1996, a child named Albert Martinez was crossing a two-lane road during the early evening darkness when he was struck and killed by a sports utility vehicle in an area where a streetlight was inoperative. The force of the impact threw the child's body approximately one hundred feet from the site of the collision. Albert's parents, acting as personal representatives of his estate, filed a negligence claim against, inter alia, the streetlight maintenance company, Florida Power and Light Company. ("FP & L").
After filing its answer, FP & L moved for judgment on the pleadings, claiming that "[the] failure to maintain a streetlight does not create a risk greater than the risk created by the total absence of streetlights." The circuit court granted the motion, and the district court affirmed. Albert's parents sought review based on conflict with Johnson v. Lance, Inc., 790 So.2d 1144 (Fla. 1st DCA 2001) (hereinafter "Johnson "), and Lance, Inc. v. Johnson, 790 So.2d 1163 (Fla. 1st DCA 2001) (hereinafter "Lance"). We granted review in Martinez, Johnson, and Lance, consolidated Johnson and Lance, and reviewed Martinez separately. We subsequently approved both Johnson and Lance in Clay Electric, wherein we ruled narrowly:

*1205 In the present cases, we conclude that the trial court erred in granting Clay Electric's motion for summary judgment. Viewing the record, the undisputed facts, and all reasonable inferences therefrom in the light most favorable to the nonmoving parties, we hold that the plaintiffs have adequately shown that Clay Electric assumed a specific, legally recognized duty to the plaintiffs to act with due care in maintaining the streetlights.
Clay Electric, slip op. at 8, ___ So.2d at ___.
Because the district court below did not have the benefit of Clay Electric when it rendered its decision in Martinez, we quash Martinez and remand for proceedings consistent with Clay Electric. On remand, the standard of review is de novo[1] and the criterion for analyzing the trial court's judgment on the pleadings is as follows:
In passing on such motion made by defendant all well pleaded material allegations of the complaint and all fair inferences to be drawn therefrom must be taken as true and the inquiry is whether the plaintiff has stated a cause of action by his complaint. The test we apply in this instance is the same as if defendant has made a motion to dismiss the complaint for `failure to state a cause of action'.... The allegations of the defendant's answer are of no avail to him at a hearing on defendant's motion for decree on the pleadings.
Reinhard v. Bliss, 85 So.2d 131, 133 (Fla. 1956).
It is so ordered.
ANSTEAD, C.J., and PARIENTE, LEWIS and QUINCE, JJ., concur.
CANTERO, J., dissents with an opinion, in which WELLS, J., concurs.
CANTERO, J., dissenting.
For the reasons stated in my dissent in Clay Electric Cooperative, Inc. v. Delores Johnson, et al., SC01-1955, I dissent in this case as well.
WELLS, J., concurs.
NOTES
[1] See generally Armstrong v. Harris, 773 So.2d 7, 11 (Fla.2000) ("[T]he standard of review for a pure question of law is de novo.").