988 So.2d 1285 (2008)
Sally MOORE, Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Appellee.
No. 2D07-4376.
District Court of Appeal of Florida, Second District.
August 29, 2008.
*1286 Roger L. Young of Law Office of Roger L. Young, P.A., Sarasota, for Appellant.
Anthony J. Russo of Butler, Pappas, Weihmuller, Katz, Craig, LLP, Tampa, for Appellee.
WHATLEY, Judge.
Sally Moore appeals a circuit court order entering judgment on the pleadings in favor of Liberty Mutual Insurance Company and denying Moore's request to amend her complaint.[1] We reverse because the circuit court erred in denying Moore an opportunity to amend her complaint.[2]
The circuit court incorrectly determined that Moore should not be permitted to amend her complaint, reasoning that "when the Magistrate's Recommended Order was issued the pleadings were closed. The court rejects the Plaintiff's argument that the Plaintiff should have been able to amend the Complaint or file a reply."
A court should grant a party leave to amend the complaint "unless the privilege of amendment has been abused or it is clear that the complaint cannot be amended to state a cause of action." Trotter v. Ford Motor Credit Corp., 868 So.2d 593, 595 (Fla. 2d DCA 2004); Dingess v. Fla. Aircraft Sales & Leasing, Inc., 442 So.2d 431, 431-32 (Fla. 5th DCA 1983) (holding that circuit court erred in denying motion for leave to amend complaint and entering a judgment on the pleadings, because appellant should have been given opportunity to amend his complaint where privilege had not been abused and complaint was amendable). A complaint should be dismissed with prejudice only when it conclusively appears that there is no feasible way to amend the complaint in order to state a cause of action. Drakeford v. Barnett Bank of Tampa, 694 So.2d 822, 824 (Fla. 2d DCA 1997). Here, there is no evidence in the record that the circuit court found that Moore either abused her privilege to amend or that there was no feasible way for her to amend the complaint to state a cause of action. Further, Liberty Mutual did not make these arguments in the circuit court.[3]
Florida Rule of Civil Procedure 1.190(a) provides as follows:
A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, may so amend it at any time within 20 days after it is served. Otherwise a party may amend a pleading only by leave of court or by written consent of the adverse party. If a party files a *1287 motion to amend a pleading, the party shall attach the proposed amended pleading to the motion. Leave of court shall be given freely when justice so requires. A party shall plead in response to an amended pleading within 10 days after service of the amended pleading unless the court otherwise orders.
Therefore, even though the responsive pleadings had been served, Moore could seek leave of court to amend her complaint and such leave to amend should be granted "freely when justice so requires." Because it does not appear that there was any argument in the circuit court that Moore either abused her privilege to amend or there was no feasible way that she could amend the complaint to state a cause of action, the circuit court should have granted leave to amend the complaint.
Accordingly, we reverse and remand with directions that Moore be allowed the opportunity to amend her complaint against Liberty Mutual.
Reversed and remanded with directions.
STRINGER and SILBERMAN, JJ., Concur.
NOTES
[1] The circuit court order approved the recommended order of a magistrate.
[2] Based on the current pleadings, if Moore were not entitled to amend, the circuit court would have been correct in granting Liberty Mutual's motion for judgment on the pleadings.
[3] Liberty Mutual argues on appeal that Moore's motion to amend her complaint was too late and that it would have been unfairly prejudiced by such amendment on the eve of trial. However, the record reflects that Liberty Mutual filed its amended answer on the same day as Moore's oral request to amend her complaint, which was followed by a written request fourteen days later in her exceptions to the recommended order of the magistrate. Further, Liberty Mutual filed its motion for judgment on the pleadings twenty-two days before the trial was scheduled to begin. See Fla. R. Civ. P. 1.140(c) (providing that a motion for judgment on the pleadings must be filed within such time as not to delay the trial).