PER CURIAM.
Craig Taylor appeals from a judgment on the pleadings entered in a quiet title action filed by Hanlex Development, LLC. We reverse.
According to Hanlex's amended complaint to quiet title, it entered into a contract to purchase a parcel of real property with a seller named in the contract as "Mobley Mattie Life Estate, RE: J G Mobley." Despite the seller being identified as holding a life estate, Hanlex pled that it "understood" that the seller held fee simple title to the property. Hanlex further alleged in its amended complaint that the property was owned by James G. Mobley until his death, intestate, in 1959 and that Taylor was one of Mobley's heirs at law. Taylor filed an answer and affirmative defenses generally denying the allegations of the amended complaint. Hanlex then filed a motion for summary judgment, which was granted as to all named parties except Taylor. On the same pleadings, Hanlex then filed a motion for judgment on the pleadings, which was granted.
After the pleadings are closed, a party may move for judgment on the pleadings. See Fla. R. Civ. P. 1.140(c). The motion raises only questions of law arising on the pleadings. See Whitaker v. Powers, 424 So. 2d 154, 155 (Fla. 5th DCA 1982).
*513 When a plaintiff moves for judgment on the pleadings, the motion tests the legal sufficiency of the answer and all affirmative defenses. See Henry P. Trawick, Jr., Fla. Practice & Procedure, § 10-9 (2018-19 ed.). In considering the motion, all well-pleaded allegations of the nonmoving party are taken to be true, while the moving party's allegations, which were denied in the defendant's answer, are taken as not proved. See Whitaker, 424 So. 2d at 155. A judgment on the pleadings may be granted only if, on the facts as so admitted, the moving party is clearly entitled to judgment. Williams v. Howard, 329 So. 2d 277, 280 (Fla. 1976).
Here, Taylor's denial of the operative portions of the amended complaint had to be taken as true for purposes of the motion for judgment on the pleadings. See Scarborough Assocs. v. Fin. Fed. Sav. & Loan Ass'n of Dade Cty., 647 So. 2d 1001, 1004 (Fla. 3d DCA 1994). Because of this, the judgment on the pleadings was erroneously entered. Consequently, we reverse the judgment and remand for further proceedings.
REVERSED and REMANDED.
EVANDER, C.J., ORFINGER and BERGER, JJ., concur.