# Third District Court of Appeal

## State of Florida

Opinion filed June 5, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1375
Lower Tribunal No. 22-90 CC
_____

**Nadeige Joseph,**
Appellant,

vs.

**Philippe Pierre,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Ayana Harris, Judge.

Metschlaw, P.A., and Lawrence R. Metsch (Hollywood), for appellant.

Borell Law and Richard M. Beckish, for appellee.

Before FERNANDEZ, SCALES and LOBREE, JJ.

PER CURIAM.

Nadeige Joseph appeals from a judgment on the pleadings entered in

an unlawful detainer action filed by Philippe Pierre seeking Joseph's removal from premises he owned. We reverse.

Pierre filed suit against Joseph because, according to the allegations in the complaint, he revoked his consent for Joseph to be in possession of the dwelling and she refused to vacate the premises. Joseph answered with a general denial of the allegations of the complaint but without raising any affirmative defenses. Pierre then moved for judgment on the pleadings and Joseph responded. After a hearing, the court below granted the motion and entered judgment in favor of Pierre. This appeal follows.

Pursuant to Florida Rule of Civil Procedure 1.140(c), a party may move for judgment on the pleadings once the pleadings are closed. "A motion for judgment on the pleadings under Rule 1.140(c) raises only questions of law. . . ." Whitaker v. Powers, 424 So. 2d 154, 155 (Fla. 5th DCA 1982). If the motion is filed by a plaintiff, it tests the legal sufficiency of the answer and all affirmative defenses. See Taylor v. Hanlex Dev., LLC, 274 So. 3d 512, 513 (Fla. 5th DCA 2019). When considering the motion, "[a]ll well-pleaded allegations of the non-moving party are taken to be true, while those of the movant that have been denied, are taken as not proved in determining the motion." Whitaker, 424 So. 2d at 155; see also Covert v. S. Florida Stadium Corp., 762 So. 2d 938, 939–40 (Fla. 3d DCA 2000) ("In ruling on a motion

2

for judgment on the pleadings material allegations of the moving party which have been denied are taken as false." (quoting <u>Scarborough Assocs. v. Fin. Fed. Sav. & Loan Ass'n of Dade County</u>, 647 So. 2d 1001, 1002 (Fla. 3d DCA 1994))).

Here, Joseph's answer denied all allegations in the complaint. Accordingly, Joseph's denials had to be taken as true for purposes of Pierre's motion for judgment on the pleadings. <u>See</u> <u>Whitaker</u>, 424 So. 2d at 155; <u>Covert</u>, 762 So. 2d at 939–40. The judgment on the pleadings was therefore erroneously entered and we reverse and remand for further proceedings.

Reversed and remanded.