DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PWBC, LLC,**
Appellant,

v.

**PALM VISTA HOMEOWNERS ASSOCIATION, INC.,**
Appellee.

No. 4D2024-1259

[July 9, 2025]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Kal Evans, Judge; L.T. Case No. COWE 23-003653.

Melissa C. Portes Romero of Katzman Chandler, P.A., Fort Lauderdale, and Daniel A. Bushell, Michael A. Weitzner of Bushell Law, P.A., Fort Lauderdale, for appellant.

Stephen T. Snively, C. Andrew Roy and Lauren M. Reynolds of Winderweedle, Haines, Ward & Woodman, P.A., Winter Park, for appellee.

CONNER, J.

In this county court appeal, PWBC, LLC ("PWBC") appeals the judgment on the pleadings as to one count of its complaint against Palm Vista Homeowners Association, Inc. ("the Association"), as well as the dismissal without prejudice of the complaint's three remaining counts for improper venue. We determine the county court erred in granting judgment on the pleadings for two reasons: (1) a dispute of a material fact exists; and (2) the court should have allowed PWBC to amend its complaint before granting judgment on the pleadings. Because the court should have denied judgment on the pleadings, its dismissal of the other counts was improper. We reject the Association's arguments that PWBC has pursued an improper interlocutory appeal without discussion. For the reasons discussed below, we reverse for further proceedings.

### *Background*

PWBC, as assignee, filed its county court complaint asserting the Association failed to pay legal fees incurred under agreement with

Katzman Garfinkel, P.A. to provide legal services to the Association. The retainer agreement contained an express authorization for the law firm to assign: "[the Association expressly authorizes the Firm to assign this Agreement to an affiliated or successor law firm" and "to assign any claim it may have for monies due from the Association to a third party[.]" The complaint alleged Katzman Chandler, P.A. was formerly known as Katzman Garfinkel, P.A. The complaint further alleged Katzman Chandler, P.A. assigned the retainer agreement to PWBC.

The complaint alleged causes of action for: (1) breach of the retainer agreement by failing to pay for legal services rendered (Count I); (2) open account (Count II); (3) account stated (Count III); and (4) unjust enrichment and quantum meruit (Count IV).

Attached to the complaint were: (1) an assignment from Katzman Chandler to PWBC; (2) the retainer agreement between the Association and Katzman Garfinkel; (3), a termination letter from the Association to Katzman Chandler; and (4) a demand letter from Katzman Chandler to the Association requesting payment for services owed to Katzman Chandler and Katzman Garfinkel.

The Association filed its answer, affirmative defenses, and a third-party claim against Katzman Chandler and an individual member of the law firm. The Association then moved, unopposed, to transfer the case to the circuit court because the amount in controversy in the third-party claim exceeded the county court jurisdictional amount. The county court granted the motion and transferred the case to circuit court.

Four months after the case moved to circuit court, the Association voluntarily dismissed its third-party complaint without prejudice. Nine days later, PWBC moved for leave to amend its complaint.

*PWBC's Amendment Motion*

Attached to PWBC's amendment motion was its proposed amended complaint. The amendment sought to correct the factual inaccuracy in the original complaint that Katzman Chandler and Katzman Garfinkel were the same entity. Attached to the proposed amended complaint were the same documents attached to the original complaint and a new document—the assignment of retainer agreement from Katzman Garfinkel to Katzman Chandler. The Association filed a written opposition to the amendment motion, raising multiple arguments.

2

PWBC's amendment motion was initially set for a hearing in circuit court, but the hearing was rescheduled at the Association's request. Before the hearing on the rescheduled date, the Association then moved, unopposed, to transfer the case back to county court because the voluntary dismissal of its third-party complaint meant the case's jurisdictional amount was within the county court's jurisdictional limit. PWBC's amendment was not heard by the circuit court, which transferred the case back to county court.

After the case transfer back to county court, a hearing on PWBC's amendment motion was set before the county court. The Association moved unopposed to continue the hearing. After the amendment motion was heard by the county court, the county court denied the motion by written order. The order did not provide any reason for the denial.

*The Association's Motion for Judgment on the Pleadings*

The Association filed a motion for judgment on the pleadings ("JOP") as to Count I, the breach of contract claim. The Association argued that because the original complaint established that Katzman Chandler was not assigned any rights under the subject contract, PWBC lacked standing to bring the breach of contract action. Additionally, while the complaint alleged that Katzman Chandler and Katzman Garfinkel were a single law firm, the exhibits attached to the complaint showed that Katzman Chandler and Katzman Garfinkel were separate entities. Therefore, the Association argued that "[i]n order to withstand judgment on the pleadings (and state a cause of action for Breach of Contract) assignment from [Katzman Garfinkel] to [Katzman Chandler] must be alleged (as this would be needed to complete the chain of assignments and bestow standing upon [PWBC])." Finally, the Association argued because the complaint did not allege Katzman Garfinkel assigned the retainer agreement to Katzman Chandler, JOP must be granted.

PWBC opposed the JOP motion in writing, raising multiple arguments. Pertinent to this appeal, PWBC specifically asserted it properly pled that it was the assignee of the rights under the retainer agreement, and the Association's motion should be denied on that basis. PWBC further argued the exhibits attached to its original complaint did not negate the assignment of the retainer agreement to PWBC, and therefore could not serve as a basis for granting JOP. PWBC argued that "at most" the non-inclusion of the assignment raised only a possible defense to standing, which was insufficient to grant a JOP.

3

PWBC's response specifically requested the opportunity to amend the complaint to include the assignment if the county court was inclined to grant the JOP motion. Attached to PWBC's response was its earlier motion to amend the complaint (but not the amended complaint itself) and the assignment between Katzman Garfinkel and Katzman Chandler.

At the hearing conducted by the county court on the JOP motion, the parties made arguments in line with their written submissions. Pertinently, PWBC argued that, because the Association was taking issue with the non-inclusion of the Katzman Garfinkel assignment to Katzman Chandler, PWBC should be given the opportunity to amend the complaint to include the assignment which had already been provided in discovery. PWBC argued that "completely granting a dismissal, based on the failure to attach [the assignment] would be improper, especially when [PWBC has] tried many times to remedy the issue."

The county court stated that because it was entertaining a JOP motion, it was "stuck with what is and what has been filed." With regards to PWBC's renewed request to amend the complaint, the county court noted that based on the review of the three court files, it failed to "see why things weren't done before we reached this juncture[.]" Additionally, the county court stated:

> [A] motion being filed before a circuit court judge is one thing, but the motion, if it is intended to be heard before the county court judge, needs to be refiled before that county court judge, because the file is not one file; it's merged together, and it remains as three separate cases.

The county court orally granted JOP at the close of the hearing. The written order granting JOP found PWBC lacked standing because PWBC "failed to attach an assignment transferring the legal right to assert a breach of contract action." The order also denied PWBC's renewed request to amend the complaint for failure to timely set the amendment motion for a hearing and refile the motion in county court.

*The Association's Motion to Dismiss Counts II-IV*

After JOP was granted on Count I, the Association then moved to dismiss with prejudice Counts II-IV for improper venue, asserting that because Count I failed, PWBC could not rely on the choice of venue provision in the retainer agreement to establish venue in Broward County. The county court granted the Association's motion in part and dismissed Counts II-IV without prejudice.

4

*PWBC's Motion for Rehearing JOP*

PWBC moved for rehearing on the JOP for Count I, renewing its arguments that its amendment motion and renewed requests for amendment should have been granted, and JOP was improper because a dispute of material facts existed regarding the retainer agreement being assigned to Katzman Chandler. PWBC also argued the delays in getting its amendment motion heard were in large part due to requests for rescheduling and maneuvering between levels of court caused by the Association.

The Association's written response opposed rehearing, denying it had caused the delay in getting a hearing on the amendment motion, and renewed its previous arguments that PWBC's amendment motion was properly denied.

After denial of PWBC's rehearing motion, PWBC gave notice of appeal.

### *Appellate Analysis*

The granting of a judgment on the pleadings is reviewed de novo. *Lutz v. Protective Life Ins. Co.*, 951 So. 2d 884, 887 (Fla. 4th DCA 2007). The denial of a motion to amend the complaint is reviewed for an abuse of discretion. *Dimick v. Ray*, 774 So. 2d 830, 832 (Fla. 4th DCA 2000).

<u>Motion to Amend Complaint</u>

Florida Rule of Civil Procedure 1.190(a) instructs that when a motion to amend the complaint is made after the answer has been filed, leave to amend "shall be given freely when justice so requires." We have explained, "[t]he public policy of Florida favors liberality in permitting amendments to pleadings so that the resolution of disputes will be on their merits[.]" *Dimick*, 774 So. 2d at 833. "[R]efusal to permit an amendment of a pleading is an abuse of discretion unless it is clear that: (1) the amendment would prejudice the opposing party, (2) the privilege to amend has been abused, or (3) amendment would be futile." *Laurencio v. Deutsche Bank Nat'l Tr. Co.*, 65 So. 3d 1190, 1193 (Fla. 2d DCA 2011) (citing *S. Developers & Earthmoving, Inc. v. Caterpillar Fin. Servs. Corp.*, 56 So. 3d 56, 62–63 (Fla. 2d DCA 2011)). The primary consideration in determining whether to grant a motion to amend is prejudice to the opposing party. *Dimick*, 774 So. 2d at 833 (quoting *Leavitt v. Garson*, 528 So. 2d 108, 110 (Fla. 4th DCA 1988)). Additionally, "[t]he failure to attach necessary documents [to the complaint] is a remediable offense" in the context of failure to state a

cause of action. *Glen Garron, LLC v. Buchwald*, 210 So. 3d 229, 236 (Fla. 5th DCA 2017) (quoting *Wells Fargo Bank, N.A. v. Bohatka*, 112 So. 3d 596, 601 (Fla. 1st DCA 2013)).

PWBC filed in the circuit court its motion to amend the complaint to attach the assignment from Katzman Garfinkel to Katzman Chandler. After a hearing, the county court denied leave to amend without explanation. Considering the policy in liberally granting leave to amend, the record reveals no valid reasons for denying the amendment motion.

The record does not show an abuse of the amendment process. The motion was PWBC's first attempt to amend the complaint. *See CHHS Hosp. Co. LLC v. Harmon*, 381 So. 3d 679, 683 (Fla. 2d DCA 2024) (finding no abuse of privilege where it was the party's first requested amendment); *Dimick*, 774 So. 2d at 833 (finding no "abuse of the amendment process" even though complaint already had been amended once); *Ocwen Loan Servicing, LLC v. Bishop*, 337 So. 3d 64, 68 (Fla. 4th DCA 2022) (finding no abuse of the amendment process even though answer had been previously amended once). As discussed further below, any delay in having the motion heard was caused in substantial part by the Association's requested delays and by the Association's maneuverings in moving the case to circuit court and then back to county court.

Likewise, the Association would not have been prejudiced where the proposed amended complaint did not add new claims or additional causes of action, but rather sought to attach the missing assignment. *See Dausman v. Hillsborough Area Reg'l Transit*, 898 So. 2d 213, 215 (Fla. 2d DCA 2005) ("Leave to amend should be freely given, the more so . . . when the amendment is based on the same conduct, transaction and occurrence upon which the original claim was brought." (quoting *Spolski Gen. Contractor, Inc. v. Jett–Aire Corp. Aviation Mgmt. of Cent. Fla., Inc.*, 637 So. 2d 968, 970 (Fla. 5d DCA 1994))); *cf. Dimick*, 774 So. 2d at 833–34 (finding the proposed second amended complaint would not have prejudiced the defendant despite the proposed amendment adding new claims).

As to the Association's speculative argument in the answer brief that the county court "could have" denied the amendment because of some prejudice to the Association as discovery had already closed, "even where the motion to amend is not filed until shortly before trial, the 'justice factor' can outweigh the prejudice to the opposing party caused by having to prepare for the new issue [by granting] a continuance instead of the denial of amendment." *Sorenson v. Bank of N.Y. Mellon as Tr. for Certificate Holders CWALT, Inc.*, 261 So. 3d 660, 663 (Fla. 2d DCA 2018). Here, as the Association admits, "the case was not even set for a trial." Accordingly,

the Association would not have been prejudiced if amendment was granted.

Finally, the amendment would not have been futile because the amendment would have remedied the single flaw in the initial complaint identified by the Association. Therefore, we determine the county court abused its discretion in denying PWBC's amendment motion.

The county court's denial of PWBC's amendment requests in its written opposition to the JOP motion and its oral renewal during the JOP hearing were also improper. The county court's reasons for denying the renewed amendment requests were: (1) the length of the case; (2) PWBC's failure to timely set the amendment motion for a hearing; and (3) PWBC's failure to refile the motion in the county court. The reasons are insufficient for two reasons.

First, upon filing the amendment motion in the circuit court, PWBC set the motion for hearing, but the hearing was cancelled and rescheduled at the request of the Association's counsel. The case was then transferred back to county court before the rescheduled hearing date in circuit court. PWBC then attempted to have its motion set for hearing before the county court. The parties agreed on a date but then the county court hearing was rescheduled at the request of Association's counsel. At the subsequent rescheduled hearing, the county court denied amendment by a written order without explanation.

Accordingly, because the record demonstrates the Association played a part in the delay in setting the amendment motion for a hearing, the county court should not have denied the amendment motion, or the renewed amendment request, based on a perceived delay in getting the motion heard. *Sorenson*, 261 So. 3d at 663 (concluding "the court abused its discretion in denying Sorenson the opportunity to amend to add new arguments solely because of the length of time the action had been pending" because there was "no indication that the Bank would be prejudiced by allowing the amendment, especially considering the case had been pending so long in large part due to the Bank's actions"). Additionally, it was the Association causing the case to be transferred from county court to circuit court then back to county court that delayed a hearing being set. Thus, the case's duration and the delay in getting the amendment motion heard were insufficient reasons to deny the amendment motion and subsequent renewed requests.

Second, no authority supports the county court's contention that PWBC needed to refile its amendment motion in the county court after the

7

case was transferred back. Moreover, the circuit order transferring the case back to county court directed the clerk to "transfer all papers herein to the County Court[.]" Thus, the county court abused discretion in denying the renewed amendment requests.

*Judgment on the Pleadings*

We next determine the county court erred in granting JOP for two reasons: (1) a dispute of material fact exists as to whether the retainer agreement was assigned to Katzman Chandler; and (2) amendment of the complaint should have been granted prior to ruling on the JOP motion.

"Pursuant to Florida Rule of Civil Procedure 1.140(c), a party may move for judgment on the pleadings once the pleadings are closed." *Joseph v. Pierre*, 390 So. 3d 261, 262 (Fla. 3d DCA 2024). "A motion for judgment on the pleadings is appropriate where the complaint fails to state a cause of action against the defendant or where the answer fails to state a defense or tender issues of fact." *Wilcox v. Lang Equities, Inc.*, 588 So. 2d 318, 319 (Fla. 3d DCA 1991) (emphasis added); *see also Lutz*, 951 So. 2d at 889 ("A motion for judgment on the pleadings is governed by the same legal test as a motion to dismiss for failure to state a cause of action."). "[A]ll well-pleaded material allegations of the opposing party are to be taken as true, and all allegations of the moving party which have been denied are taken as false." *Wilcox*, 588 So. 2d at 319 (citing *Venditti–Siravo v. City of Hollywood*, 418 So. 2d 1251, 1253 (Fla. 4th DCA 1982)).

Accordingly, where, as here, a defendant moves for JOP, "we must take as true all of the material allegations in [the] complaint and disregard all of the denials in [the] answer." *Lutz*, 951 So. 2d at 887 (emphasis added). "A judgment on the pleadings should be granted only when the party is clearly entitled to a judgment as a matter of law based solely on the pleadings." *Ray v. Elks Lodge No. 1870 of Stuart*, 649 So. 2d 292, 293 (Fla. 4th DCA 1995) (emphasis added) (citation omitted). As such, "judgment on the pleadings is appropriate where only issues of law are raised." *Scarborough Assocs. v. Fin. Fed. Savs. & Loan Ass'n of Dade Cnty.*, 647 So. 2d 1001, 1003 n.2 (Fla. 3d DCA 1994) (citation omitted); *see Cutler v. Aleman*, 701 So. 2d 390 (Fla. 3d DCA 1997) (reversing a JOP where factual issues were presented).

*Pleadings Demonstrated a Dispute of Fact Precluding JOP*

Here, the county court overlooked the caselaw requiring it to take as true all the material allegations in the complaint and disregard all the denials in the answer. *Lutz*, 951 So. 2d at 887. Even assuming as true

8

the Association's argument that the complaint demonstrated Katzman Garfinkel and Katzman Chander were not the same entity, the complaint specifically alleged the retainer agreement was assigned to Katzman Chander. The failure to attach the assignment document to the complaint did not negate the specific allegation.

Additionally, the combination of the initial complaint and the Association's answer and affirmative defenses established a dispute of material fact as to whether the retainer agreement was assigned to Katzman Chandler, making JOP improper. *Joseph*, 390 So. 3d at 262; *Ray*, 649 So. 2d at 293; *Scarborough Assocs.*, 647 So. 2d at 1003 n.2; *Wittington Condo. Apartments, Inc. v. Braemar Corp.*, 313 So. 2d 463, 465 (Fla. 4th DCA 1975) (citation omitted) ("[I]f the pleadings reveal issues of fact[,] then a judgment on the pleadings may not be properly entered.").

Additionally, PWBC attached the missing assignment in its response in opposing JOP, thus creating an issue of material fact. *Scarborough Assocs.*, 647 So. 2d at 1003 n.2 (citation omitted) ("A judgment on the pleadings is appropriate where only issues of law are raised."). Thus, the written response opposing JOP clearly put the county court on notice that a dispute of material fact existed as to whether the retainer agreement had been assigned to Katzman Chandler. We also note the JOP written response was not the first time the county court was made aware of the missing assignment. PWBC had previously attached the missing assignment to its amendment motion.

Thus, we determine the county court erred in granting JOP where a dispute of material fact existed.

*JOP Error in Denying Complaint Amendment*

We discussed above the liberality with which a motion to amend the complaint should be granted.

Cases from this district and other districts have reversed JOPs for failure to permit amendment to the complaint when the amendment request was made during the JOP hearing or after the JOP motion was filed but before JOP was granted. *Moore v. Liberty Mut. Life Ins. Co.*, 988 So. 2d 1285 (Fla. 2d DCA 2008) (JOP reversed where oral request to amend complaint was made and amendment request was improperly denied); *Levine v. Sun Bank/South Fla., N.A.*, 546 So. 2d 1127, 1128 (Fla. 4th DCA 1989) ("The trial court reversibly erred by refusing leave to amend the complaint where such leave was requested after the filing of a motion for judgment on the pleadings but prior to entry of an order on the motion.");

9

*Bradham v. Hayes Enters., Inc.*, 306 So. 2d 568 (Fla. 5th DCA 1975) (JOP improper where issues of material fact existed and an amendment request was made during JOP hearing); *Dingess v. Fla. Aircraft Sales & Leasing, Inc.*, 442 So. 2d 431 (Fla. 5th DCA 1983) (holding the circuit court abused its discretion in denying motion to amend complaint and entering JOP because appellant should have been given at least one opportunity to amend his complaint where privilege had not been abused and complaint was amendable).

Our sister court reversed a JOP where the amendment request was made <u>after</u> JOP was granted. *Carr v. Eslinger*, 101 So. 3d 423 (Fla. 5th DCA 2012) (finding the trial court abused its discretion in denying the plaintiff's request to amend the complaint made after the trial court granted the defendant's JOP motion where no prejudice, abuse of privilege, or futility of amendment was demonstrated).

Here, the amendment motion was filed, and renewed amendment requests were made, before the county court granted JOP. And because, amendment of the complaint should have been granted, the county court erred in granting JOP.

## *Dismissal of the Remaining Counts*

After JOP was granted as to Count I (breach of contract), the Association moved to dismiss the remaining counts based on improper venue because PWBC could not rely on the choice of venue provision in the retainer agreement. The motion to dismiss the remaining counts was granted. PWBC argues the county court erred in dismissing the remaining counts based on its erroneous decision to grant JOP.

Our review of an order dismissing a case for improper venue is abuse of discretion. *Hewitt v. Russo & Graham*, 745 So. 2d 497, 498 (Fla. 1st DCA 1999) ("[T]he trial court did not abuse its discretion in denying appellant's motion to dismiss the complaint for improper venue[.]"); *see also Thornton v. DeBerry By & Through DeBerry*, 548 So. 2d 1177, 1179 (Fla. 4th DCA 1989) ("[G]ranting or refusing to change venue is within the sound discretion of the trial court and will not be disturbed absent a demonstration of a 'palpable' abuse or grossly 'improvident' exercise of discretion.").

We reject the Association's argument that the lack of a transcript for the motion to dismiss hearing requires affirmance. "[A]n appellate court may reverse an order even in the absence of an adequate record if the order

10

is fundamentally erroneous on its face." *Quality Holdings of Fla., Inc. v. Selective Invs., IV, LLC*, 25 So. 3d 34, 36 (Fla. 4th DCA 2009).

Here, the order dismissing the remaining counts is erroneous on its face upon reversal of the JOP, and the issue presented on appeal does not require the consideration of evidence. The county court dismissed the remaining counts for improper venue for the facially valid reason that JOP was properly granted on the breach of contract count. However, as we have determined, JOP was improperly granted. We are satisfied the county court would not have dismissed the other counts if the breach of contract count remained active. Thus, dismissal of the remaining counts was reversible error.

### *Conclusion*

Having determined it was improper to grant a judgment on the pleadings as to Count I and to dismiss Counts II-IV for improper venue, we reverse the county court's rulings and remand for further proceedings.

*Reversed and remanded.*

GROSS and MAY, JJ., concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**